as mentioned and set forth in the preceding action between *John M'Creery's* lessee and *Joseph Allender.* That the said *Thomas M'Creery* entered into the said lot, under the said deed from the said *Beaman,* and continued possessed thereof until the time of his death, which happened on or about the 23d of February 1796, That he made his will on the 18th of January 1796, and devised the said lot to his brother *James M'Creery,* the lessor of the plaintiff, as set forth in the above mentioned case. That the said *James M'Creery,* the devisee in the said will, and lessor of the plaintiff, was at the time of the death of the said *Thomas,* and yet is, an alien, and subject of the king of Great Britain.

*Martin,* (Attorney General,) for the plaintiff.
*Winchester,* for the defendant.

Oct. 1799.

M'Creery's Lessee
vs.
Wilson.

THE GENERAL COURT gave judgment, on the statement of facts, for the plaintiff, for possession and costs.

———⊹———

## GENERAL COURT, OCTOBER TERM, 1799.

### DEHEAULME, et al. vs. BOISNEUF.

ACTION of *assumpsit,* wherein the defendant pleaded nine pleas, viz.

*First.* To the *jurisdiction of the court*—That the plaintiffs and the defendant are aliens, under the allegiance of the *French Republic.*

*Second.* In *abatement*—That the plaintiffs are alien enemies of the *United States,* citizens of *France.*

*Third.* In *abatement*—That the plaintiffs are alien enemies of *Maryland,* citizens of *France.*

*Fourth.* In *bar*—That the plaintiffs are alien enemies of the *United States,* citizens of *France.*

*Fifth.* In *bar*—That the plaintiffs are alien enemies of *Maryland,* citizens of *France.*

*Sixth.* In *bar*—*Non assumpsit.*

*Seventh.* In *bar*—*Non assumpsit infra tres annos,* as to the *first count* in the declaration.

*Eighth.* In *bar*—Same plea as to the *second* and *third* counts in the declaration; and

*Ninth.* In *bar*—*Actio non accrevit infra tres annos,* as to the *second* and *third* counts in the declaration.

*Martin,* (Attorney-General,) and *Shaaff,* for the plaintiffs, moved the court to strike out some of the pleas. They contended, that as the pleas in *abatement* were without affidavit, they ought not to be received; that pleas in

Oct. 1799.
Deheaulme
vs.
Boisneuf.

*abatement* and in *bar,* could not be pleaded together.—*5 Com. Dig.* 69. They asked, what course ought to be pursued in this case? Would the court put the party to his election to stand to which plea he thinks proper, or make him rely on some fair plea, viz. the general issue? That as the defendant was under a rule to plead by a particular day, the court would put him to the general issue pleas, as he did not comply with the rule. They contended, that the pleas of the act of *limitations* were all wrong pleaded, not one of them answering the whole declaration; that the manner of pleading is, to plead as to one count such matter, and to another such matter, all in one plea; and not, as in the present case, a separate independent plea as to part of the declaration, and say nothing as to the residue. That if a plea begins with an answer to the whole declaration, but is only an answer to a part of it, the whole is nought, and the plaintiff may demur. But if it be pleaded as to part, and be in truth only an answer to part, it will be a discontinuance, and the plaintiff may take judgment as *per nil dicit. Salk.* 179. *5. Com. Dig.* 64.

*Mason* and *Winchester,* against the motion, cited *Co. Litt.* 314, *a.* where it is said a person may plead one plea in bar of one part, and another plea in bar of another part.

The Court directed the *first, second* and *third* pleas, to be stricken out, and permitted the other pleas to stand.

———◦%◦———

GENERAL COURT, OCTOBER TERM, 1799.

Boisneuf *vs.* Lewis.

Appeal from Frederick county court, from a judgment rendered in that court in favour of the appellee, on a petition for freedom.

The *bill of exceptions,* taken at the trial, states, that the petitioner, *(Pierre Lewis,)* claimed his freedom from having been brought into this state from the island of Saint Domingo in the year 1793. The defendant, in the court below, gave in evidence that he was a native of the island of Saint Domingo, and resided therein, and antecedently to the year 1786 went frequently from thence to France, and again returned. That it was customary with the people of fortune in that island to hold a small plantation in France. That in 1786 he went to France, and in 1787 or 1788 purchased a small plantation, and lived and resided there until the year 1793.