WILLIAM GRAHAM *vs.* JAMES F. FAHNESTOCK.—*December,* 1847.

Where a single bill is made payable to *F.*, agent, and the declaration describes it as made to *F.*, this is not a variance.

The addition of the word agent in such case is a mere description, and is like the case of a note payable to an executor. The promise is to the agent personally.

Whether the obligee of a bill is empowered to assign it, is a question of law. A plea which puts that question to the jury is bad on demurrer.

Where the subject of a plea is in abatement, and it is not verified by affidavit, the court will reject it upon motion.

A plea that the plaintiff is an infant, is in abatement.

APPEAL from *Washington* County Court.

This was an attachment commenced by the appellee on the 24th July, 1844, on the following single bill:

"One day after date, I promise to pay *Samuel Fahnestock,* agent, or order, two hundred dollars and thirty-one cents for value received, as witness my hand and seal this 1st January, 1844.                    WM. GRAHAM, (Seal.)"

Endorsed, "For value received I assign the within note to *James F. Fahnestock.*        SAM. FAHNESTOCK, *Agent.*"

The appellant appeared to the suit, and gave bond with security to satisfy any judgment that might be recovered against him.

The plaintiff below then declared against him as in an action of debt, describing the single bill as payable to *S. F.*, and not to *S. F.*, agent, and averring an assignment in writing, corresponding with the endorsement above recited.

After *oyer* of the single bill, the defendant pleaded in bar:

1. That the said *S. F.* was not duly authorized to make and sign the said assignment in writing, of the said single bill, and the said sum of $200 31 to the said *James*, in manner, &c.

2. That at the time of the commencement of the action, the plaintiff who declared by attorney, and not by guardian or next friend, was an infant. This plea was not verified by oath.

The plaintiff demurred generally to the first, and moved the court to reject the second plea.

The county court sustained the demurrer and rejected the second plea, and rendered judgment for the amount of the debt and damages, &c., and the defendant appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE and MAGRUDER, J.

By SPENCER for the appellant, and

By PALMER for the appellee.

ARCHER, C. J., delivered the opinion of this court.

The single bill which constitutes the cause of action in this case, is drawn payable to *Samuel Fahnestock*, agent, and the declaration alleges that the single bill was made payable to him, without averring that it was made payable to him as agent. There exists no foundation for the objection urged, that there is a variance between the single bill, and the allegations of the *nar.*

The contract is expressly made with the plaintiff; the addition of the word agent is a mere description, and is like the case of a note or single bill made payable to *A. B.*, *executor.* The principle has often been decided: 8 *Con.* 60, and the cases there cited; the promise is to the agent personally: 8 *Mas.* 103. The same judgment has been pronounced in this court. *Turner & Plowden*, 2 *G. & J.* 435.

If the above positions be true, it follows that *Samuel Fahnestock* being invested with the legal right to the single bill, possessed the power of assignment; and in this case, whether he possessed the legal authority to assign to the plaintiff the single bill, was a question of law. The plea therefore of the defendant which put this question to the jury, was bad on demurrer.

The plea of the defendant which alleged the infancy of the plaintiff, was properly struck out by the court. The subject matter of the plea was in abatement, and it is not verified by affidavit, without which it could not be received. 3 *Cain's Rep.* 99, 100. 1 *Penn. Rep.* 442. *Eagle vs. Nelson*, 4 *H. & McH.* 413. 4 *Anne*, ch. 16, sec. 11.

JUDGMENT AFFIRMED.