CHESTER FRIEND *v.* STATE OF MARYLAND

[No. 21, October Term, 1938.]

*Decided November 16th, 1938.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John P. Stafford, Jr.*, and *Z. H. Stafford*, for the appellant.

*Herbert R. O'Conor, Attorney General, Hilary W. Gans, Deputy Attorney General,* and *Layman J. Redden, State's Attorney for Caroline County,* for the State.

SHEHAN, J., delivered the opinion of the Court.

The appellant, Chester Friend, was arrested on a warrant, issued by a justice of the peace for Caroline County, charging him with "unlawfully having received certain stolen goods under the value of $25.00 knowing them to have been stolen on or about March 15th, 1938, the property of Perry Thomas." He was tried, convicted and sentenced to nine months in the Maryland House of Correction. From this judgment and sentence the defendant appealed to the Circuit Court for Caroline County. While the appeal was pending, there was an indictment returned against him by the grand jury for that county. The offense charged in the indictment was the same as that in the warrant. The indictment states that "Chester Friend and Lester Thomas late of the County aforesaid, on the sixteenth day of March, in the year of our Lord nineteen hundred and thirty-eight at the county aforesaid nine chickens, each chicken of the value of one dollar, current money, of the goods and chattels, moneys and properties of Perry Thomas, then lately before unlawfully stolen, taken and carried away, unlawfully did then and there have and receive * * *." It is admitted in a statement of facts, filed in support of a motion to quash the indictment, that the goods received, and described in the indictment, are the same as those in the warrant upon which the accused was tried by the justice of the peace and that the crime was the same offense in each of these proceedings. After the indictment was found, the state's attorney entered a *nolle prosequi* of the case pending on the appeal. The appellant then filed the motion to quash the indictment, supported by an affidavit and the agreed statement of

facts, all of which clearly presented to the trial court the question here to be considered. The defendant claimed that for the crime charged under the indictment he was being twice put in jeopardy for the same offense. The plea to that effect is defective in that it is not verified by affidavit. *Johns v. State*, 55 Md. 350. This question had, however, been previously raised by the motion to quash the indictment. In reply to the contention of the appellant that he had been previously tried, and convicted by a court of competent jurisdiction for the same offense as that presented in the indictment and, therefore, the indictment should have been quashed, the State urges that the justice of the peace had no jurisdiction to try the charge made in the warrant, because the offense of receiving stolen goods was punishable by imprisonment in the Penitentiary of Maryland and of such crimes a justice of the peace of Caroline County had no jurisdiction under the express provisions of section 470, article 27, and section 12, article 52, of the Code of Public General Laws; also under article 6, sections 357 to 359, Code Public Local Laws.

It is apparent that, if the law so stood at the time of the trial of the defendant, the justice of the peace would have been without jurisdiction, and the conviction would have been unlawful and would not put the defendant in jeopardy. *Commonwealth v. Cunningham*, 13 Mass. 245; *Boswell v. State*, 111 Ind. 47, 11 N. E. 788; *State v. Reed*, 168 Ind. 588, 81 N. E. 571; *Bishop on Criminal Law* (3rd Ed.), ch. 52, sec. 866, 481; *Gilpin v. State*, 142 Md. 464, 121 A. 354; 16 *Corpus Juris*, secs. 370, 371, where numerous citations are given. But we have before us, cited on the appellant's brief, the Act of the General Assembly, passed at the First Special Session of 1936, ch. 106, which amended section 470, article 27, and added to article 27 of the Code of Public General Laws a new section, to be known as 470A, which in substance, provides: That justices of the peace shall have jurisdiction, original and concurrent with the courts of the state having criminal jurisdiction to try cases where the value of the stolen

goods received is less than twenty-five dollars, and also provides the procedure to be followed upon the trial of such offense, including the right to pray a jury trial, of which right the justice of the peace is required to apprise the accused before the case is tried. It is conceded by the State and the accused that both had the right of appeal from the judgment of the justice of the peace.

The effect of these provisions is obvious, and justices of the peace, excluding those in Baltimore City, are empowered and jurisdiction is conferred upon them to try cases involving receiving of stolen goods as defined therein when the value thereof is less than twenty-five dollars. This jurisdictional authority is expressly conferred in such cases, and is concurrent with that of the circuit courts. The trial and conviction of the appellant, therefore, was valid in law, provided the terms and provisions of the act were observed by the justice of the peace, and there is nothing in the record to the contrary, and a second trial for this same offense would be in violation of the common law and of our constitutional prohibition with respect to placing a person in double jeopardy as to the same crime. When the indictment was found the case stood on the appeal docket for trial, by order of the defendant, and the State had no authority to dismiss this appeal. That was the right of the accused and had he seen fit to exercise it the magistrate's judgment and sentence would have stood; but the State indicted him on the same charge and for the identical crime and then entered a *nolle prosequi* of the proceedings on the appeal.

It was evidently the intention of the State to clear the docket of a supposed illegal proceeding arising out of a lack of jurisdiction of the justice of the peace, and to proceed under the indictment. The Act of 1936 above referred to, and especially section 470A, was evidently not considered by the State. The State having no authority to dismiss the defendant's appeal, the entering of a *nolle prosequi* could not be construed as a dismissal of it. The *nolle prosequi*, if it could be legally entered, would

effect a final disposition of the entire prosecution originating before the justice of the peace, and would place the defendant on his deliverance, in so far as that proceeding was concerned. In *Barrett v. State*, 155 Md. 636, at page 638, 142 A. 96, at page 97, it is stated, that: "It can properly be said that the accused does not, in law, remain under the imputation of guilt after a *nolle prosequi* has been entered. The abandonment of the prosecution cancels that indictment, and restores him to his original position." See, also, *State v. Morgan*, 33 Md. 44; 2 *Bishop's New Crim. Proc.*, secs. 1390 to 1395. In the *Barrett* case, however, the trial had not begun, no witness had been called, no conclusions had been reached. The state's attorney, because of the absence of witnesses and his inability to prove the charges in the indictment, entered a *nolle prosequi*, which he had the right to do, under the circumstances, even over the earnest objections of the accused. The differences in that case and in the instant case may be readily observed. It should be remembered that the Act of 1936, to which reference is made, confers concurrent jurisdiction on our criminal courts as above pointed out. The *nolle prosequi*, entered without the consent of the accused, under the circumstances of this case was improper and ineffective, and left undisposed of the case pending on his appeal, and his trial and conviction in the Circuit Court for Caroline County for the same offense, under the circumstances above related, placed this defendant in double jeopardy, contrary to the common law and our constitutional provisions. The judgment of the court will, therefore, be reversed.

*Judgment reversed.*

OFFUTT, J., dissents.