## STATE OF MARYLAND *v.* LEON F. LINGNER

[No. 33, January Term, 1944.]

*Decided March 24, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and BAILEY, JJ.

*J. Edgar Harvey, Assistant Attorney General,* and *John C. Weiss, Assistant State's Attorney for Baltimore City,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* on the brief, for the appellant.

*Ellis Levin,* with whom was *Joseph M. Wyatt* on the brief, for the appellee.

GRASON, J., delivered the opinion of the court.

The traverser was charged, before the presiding magistrate at the Northern Police Station of Baltimore City, with "assaulting and kicking one Victoria Lingner in Baltimore City, State of Maryland, on November 20, 1943." He pleaded not guilty thereto, was tried by the magistrate on the charge, convicted and fined $50 and costs, which he paid, and was discharged.

On November 24, 1943, an indictment was returned by the grand jury of the City of Baltimore, which charged that "Leon F. Lingner, on the 20th day of November, in the year of our Lord, 1943, at the City of Baltimore, aforesaid, in and upon one Victoria U. Lingner, who was then and there his wife, did make a brutal assault, and her, the said Victoria U. Lingner, did then and there brutally beat." To this indictment the traverser filed the general issue plea and a second plea in which he set up former jeopardy as a bar to the prosecution. This plea set out the following facts: The charge before the magistrate, the plea of not guilty thereto, the conviction of the traverser, and a fine of $50 imposed by the magistrate, the payment of the fine and costs by the traverser and his

discharge. The plea further set out that the defendant in this cause and the defendant against whom the aforesaid charge was made at the Northern Police Station is the same person; that Victoria Lingner named in the said charge at the Northern Police Station is the same person described in the indictment in this case as Victoria U. Lingner, wife of the defendant, and that the charge of assault made at the Northern Police Station and that now charged in the indictment in this cause is one and the same offense, and that the determination of said cause at the Northern Police Station was and is absolute and final and is a complete bar to the present indictment and prosecution. To this plea of former jeopardy interposed by the traverser, the State demurred. The Court overruled the demurrer and "the State not desiring to traverse the plea, and submitting thereon," the Court found the traverser not guilty of the charge whereof he was indicted. Thereupon the State brings this appeal.

It is contended by the State that the facts set up in the plea of former jeopardy should be verified by affidavit, and because it was not sworn to, it is defective. As authority for this proposition we are cited the case of *Friend v. State,* 175 Md. 352, 2 A. 2d 430. In that case the court considered a plea of former jeopardy and stated, 175 Md. at page 354, 2 A. 2d at page 431: "The plea to that effect is defective in that it is not verified by affidavit," quoting *Johns v. State,* 55 Md. 350, as authority therefor. In the Johns case it is stated: "After the demurrer to the indictment had been overruled by the Court, the traverser pleaded in abatement, that the grand jury, by whom the indictment was found, had not been legally drawn, and was not, therefore, a lawfully constituted grand jury." The court stated in its opinion, 55 Md. at side page 354: "It does not appear that the truth of the matters alleged was verified by affidavit." It appears that while the plea in *Friend v. State,* supra, was a plea in bar, the authority for the statement in the opinion in that case that the plea was "defective in that it was not verified by affidavit," was a case where this court was dealing with a dilatory

plea. A plea in abatement and a plea in bar are different; the former does not set up facts going to the real merits of the controversy, or facts which would bar the action, but matters that would postpone or delay the prosecution and are hence looked upon with disfavor by the courts. Therefore, the facts set up in dilatory pleas are required to be verified by affidavit. If such a plea is not so verified it will be rejected by the court as a nullity. Mr. Poe says that after demurrer the defendant may have a choice of pleas—one, dilatory pleas, and two, "peremptory pleas, or those which bar the action." *Pleading and Practice, Poe,* Tiffany's Ed., Vol. 1, Sec. 592.

In the Johns case, supra, the court further states: "But, according to the statement of the bill of exception, the Court overruled the plea in abatement; and in this the Court was well justified, irrespective of the testimony offered, for the plea, in the manner it was pleaded, was a mere nullity. As we have already stated, the plea was without affidavit; and the Stat. 4 Ann. c. 16, sec. 11, which has been construed to apply to criminal cases (*Rex v. Grainger,* 3 Burr 1617; 1 *Whart. Cr. L.,* Sec. 536), expressly provides, 'that no dilatory plea shall be received in any Court of record, unless the party offering such plea do, by affidavit, prove the truth thereof.' This provision of the Statute of Ann is in force in this State, and must be complied with, or otherwise dilatory pleas may be rejected or treated as nullities. *Graham v. Fahnestock,* 5 Gill, 215."

"In the case of *Graham v. Fahnestock,* supra, the defendant pleaded in bar, without verification under oath, that at the time of the commencement of the action, 'the plaintiff who declared by attorney, and not by guardian or next friend, was an infant,' the plaintiff moved that the plea be rejected, which was done. Upon appeal this Court held the plea was properly rejected, the subject of the plea was matter in abatement, and not in bar, and it was not verified by affidavit, without which, it could not have been received." *Wilms v. White,* 26 Md. 380, 90 Am. Dec. 113.

*Hochheimer*, on *Criminal Law*, 2d Ed., Sec. 114, states that a plea of former jeopardy is a plea in bar.

In *Bishop's Directions and Forms*, 2d Ed., Sec. 1042, under the heading "Pleas in Bar," it is stated that a plea of former jeopardy is a favored plea. The same author further says: "Limiting ourselves to criminal pleading, the meaning is that the middle certainty, and no more, is required in the indictment; the extreme certainty, in dilatory pleas; and the lowest certainty suffices in both general and special pleas in bar, like former jeopardy, pardon, and not guilty, showing that there should be no prosecution for what is alleged against the party pleading." *Bishop's New Criminal Procedure*, 2d Ed., Vol. 1, No. 323.

It is perfectly clear from the authorities cited that a plea of former jeopardy is a plea in bar and not a dilatory plea and facts stated in such a plea do not have to be verified by affidavit. Therefore, the statement in the case of *Friend v. State*, that such a plea is defective in that it is not verified by affidavit, is a misstatement of the law and is overruled.

The prosecution in this case is based on the Acts of 1882 Chapter 120 (Section 11 of Article 27 of Flack's Ann. Code of Md. 1939). It provides: "Any person who shall brutally assault and beat his wife shall be deemed guilty of a misdemeanor, and upon presentment and conviction thereof by any court of competent jurisdiction shall be sentenced to be whipped, not exceeding forty lashes, or be imprisoned for a term not exceeding one year, or both, in the discretion of the court."

The effect of this Act is: "to divide the offence of assaults on the wife into two sorts—such as are attended with such circumstances of aggravation that they may be termed 'brutal', and such as cannot properly come under that head. A party may be indicted under the statute for 'brutally' beating his wife, or he may be indicted for the common law offence; or, as was the case here, there may be two counts in the indictment, one count charging

the statutory, and the other the common law offence. The jury before whom the case is tried must determine whether or not the circumstances attending the assault are such as to warrant a conviction on the statutory count." *Foote v. State,* 59 Md. 264, 269.

In this case the opinion speaks of the offense under the statute in question and the common law offense. Whereas good pleading requires that an indictment should contain one count based on the common law offense of assault and battery, which, upon conviction, would carry common law penalty ; in order to impose the penalty under the statute, a second count should be added, charging the brutality, which would, upon conviction, justify the imposition of the penalty the act prescribes. But, nevertheless, the charge in each count would be one of assault and battery at common law. This is clearly shown by the opinion in the case of *Hanon v. State,* 63 Md. 123. In considering the question of whether a wife is competent to testify against her husband indicted under this Act, the court said :

"It is unnecessary to decide whether the common law exception to a wife's incompetency as a witness would, upon sound reasoning, extend to the Act of 1882, did it create a new and distinct offence; as we are clearly of opinion that this statute does not have this effect, but simply attaches a new penalty to a well-known common law misdemeanor, when attended with certain circumstances of aggravation. The only difference, virtually, between the statute and the common law in relation to assault and battery is, that while under the latter the beating of a wife, and in a brutal manner, would be circumstances of aggravation which the Judge in meting out the common law punishment of imprisonment would take into consideration; by the statute the Judge is vested with the discretion to impose corporal chastisement instead of, or in addition to, the imprisonment, when the offence is thus aggravated.

"The mere affixing by statute of a penalty different from that at common law, or adjusting it to specified cir-

cumstances of aggravation or mitigation, where the crime or misdemeanor is in its nature susceptible of such variations, without losing its essential character, is not the creation of a distinct offence."

And further the court said: "The offence contemplated by the Act of 1882 being essentially that of assault and battery at common law, the exceptional capacity of the wife to be a witness against her husband is preserved in proceeding under the statute."

It would seem clear from the latter case that the statute provides severer punishment° in certain cases for the common law offense of assault and battery. Judge Ritchie, in the Hanon case, supra, says the offense referred to in the statute is "essentially that of assault and battery at common law."

The magistrates in Baltimore City are empowered (Section 724 of the Baltimore City Charter, 1938 edition) "to hear, try and determine the case of every person who may be arrested and brought before him in the said City of Baltimore," charged with "assault or with assault and battery."

The statute provides: "Any person who shall brutally assault and beat his wife shall be deemed guilty of a misdemeanor, and upon presentment and conviction thereof by any court of competent jurisdiction shall be sentenced," as provided therein. It is urged that the word "presentment" employed in the statute deprives the magistrates of jurisdiction and that all prosecutions under it should commence by presentment found by a grand jury. The charge before the magistrate was "assaulting and kicking." Of course, a mere charge is not proof and the magistrate may well have found from the evidence before him that the proof did not justify a finding that the assault was "brutal". The evidence before the magistrate is not in the record, and in a criminal case all reasonable doubt is resolved in favor of the accused. The act in question did not disturb the jurisdiction of the magistrate to hear a case of an assault by a husband on a wife that does not involve the element of brutality.

The record shows that the traverser was indicted for brutally assaulting and beating his wife; that is, he was charged with the common law offense of assault and battery, committed against his wife—brutally. It also shows that the traverser had been tried on the charge of assaulting and kicking his wife, convicted and fined. The charge tried by the magistrate and that contained in the indictment describes the same event. This conviction is a bar to prosecution under the indictment.

After the State's demurrer to the traverser's second plea was overruled, the State did not traverse the plea, but submitted thereon. It does not require citation of authority to sustain the proposition that the demurrer to the plea admited all facts therein well pleaded. On submission by the State of its case on the facts well pleaded in the plea of former jeopardy, the court found a verdict of not guilty. There is no question about the correctness of its finding under those facts, as the facts set out in the plea, and admitted by the State's demurrer, show clearly that the prisoner had been convicted before the magistrate of assaulting and kicking his wife, which charge is characterized in the indictment as brutal. The traverser having been acquitted, there can be no doubt the State had no right to appeal in this case. "The Court of Appeals is required to notice exceptions by the State in criminal cases, on appeals by the State, only in cases where the parties accused have been convicted, and have also taken exceptions and appeals." *State v. Shields,* 49 Md. 301.

In *State v. Rosen,* 181 Md. 167, 168, 28 A. 2d 829, it is said: "The court will not 'notice exceptions by the State except in cases where the parties accused have been convicted and have also taken exceptions and appeals'," quoting *State v. King,* 124 Md. 491, 92 A. 1041; *Bishop* on *Criminal Law,* 9th Ed., Vol. 1, Sec. 992.

We have deemed it expedient to express an opinion on the questions raised in this case, but as the State had no right of appeal under this record its appeal will be dismissed.

*Appeal dismissed.*