THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ARTHUR M. BERRY, JR. AND ALBERT TOMASELLO, DEFENDANTS-RESPONDENTS.

Argued January 7, 1964—Decided February 17, 1964.

548

*Mr. Solomon Forman,* Assistant County Prosecutor, argued the cause for the appellant (*Mr. Augustine A. Repetto,* Atlantic County Prosecutor, attorney; *Mr. Ernest Curtis,* of counsel and on the brief).

*Mr. Edward I. Feinberg* argued the cause for the respondents (*Messrs. Feinberg, Fishman & Ginsburg,* attorneys).

The opinion of the court was delivered by

JACOBS, J. The Atlantic County Court granted the defendants' motions to dismiss indictments for atrocious assault and battery in violation of *N. J. S.* 2A:90–1, and threats to kill and murder in violation of *N. J. S.* 2A:113–8. The State appealed to the Appellate Division and we certified before argument there.

Vernon McCoy was the chef or short order cook at a diner located in Hammonton. During the early morning hours of February 14, 1963 the defendants Berry and Tomasello entered the diner and engaged in a scuffle with McCoy. After the scuffle they left the diner but returned sometime thereafter during which later visit they allegedly threatened to kill and murder McCoy. Complaints against the defendants charging disorderly conduct were filed by McCoy, along with complaints charging threats to kill in violation of *N. J. S.* 2A:113–8. The disorderly conduct complaints charged each defendant with (1) creating a disturbance while intoxicated in violation of *N. J. S.* 2A:170–30; (2) using loud, profane and indecent language in violation of *N. J. S.* 2A:170–29; and (3) assault and battery in violation of *N. J. S.* 2A:170–26.

The complaints were heard by the local magistrate who testified before the Atlantic County Court as to what had transpired before him. Conflicting stories had been presented to him and his recollections were not entirely clear. Apparently McCoy and the defendant Berry were engaged in fisticuffs or some sort of scuffle when the defendant Tomasello interceded. The magistrate did not recall any testimony with

respect to threats to kill during the scuffle but did recall testimony as to such threats during the later visit by the defendants. At the close of the testimony before the magistrate, he found the defendant Berry not guilty of creating a disturbance while intoxicated but guilty of assault and battery and using loud, profane and indecent language. Berry was fined $125 plus costs. Tomasello was found guilty of using loud, profane and indecent language but not guilty on the other disorderly conduct charges. The complaints for threats to kill in violation of *N. J. S.* 2A:113–8 were forwarded by the magistrate to the Atlantic County Prosecutor with written recommendations that they be dismissed; admittedly his recommendations were in no sense binding. Although at oral argument there was some suggestion to the contrary, the prosecutor has advised that the complaints under *N. J. S.* 2A:113–8 were the only indictable charges filed with the magistrate and forwarded by him to the prosecutor's office.

After the proceeding before the magistrate had been completed, the Atlantic County Grand Jury returned two indictments, one against Berry and the other against Tomasello. Each indictment was in two counts, the first charging the commission of atrocious assault and battery in violation of *N. J. S.* 2A:90–1, and the second charging threat to kill and murder in violation of *N. J. S.* 2A:113–8. In due course the defendants moved to dismiss the indictments on the ground that their prosecution would violate principles of double jeopardy and *res judicata*. The motions were granted by the Atlantic County Court which entered orders of dismissal. In support of its appeal from the orders, the State urges that, since the magistrate admittedly had no jurisdiction to deal with the crimes of atrocious assault and battery and threat to kill, the proceeding before him could not bar subsequent indictment and prosecution for those crimes in a court of competent jurisdiction. It further urges that, in any event, the offense of threat to kill is wholly dissimilar from the disorderly conduct offenses dealt with before the magistrate and consequently its prosecution was not barred.

█ The pertinent New Jersey precedents dealing with double jeopardy and related principles may be found in our opinion filed this day in *State v. Currie,* 41 *N. J.* 531 (1964). We there referred to the same transaction test of *State v. Mowser,* 92 *N. J. L.* 474 (*E. & A.* 1919), the same evidence test of *State v. Hoag,* 21 *N. J.* 496 (1956), aff'd 356 *U. S.* 464, 78 *S. Ct.* 829, 2 *L. Ed.* 2d 913 (1958), and the included offense doctrine of *State v. Cooper,* 13 *N. J. L.* 361 (*Sup. Ct.* 1833), but noted that they were not absolute in nature, that emphasis should be placed upon underlying policies rather than technisms, and that primary consideration should be given to factors of fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. Under the cited tests as well as the approach in *Currie,* the prosecution for assault and battery before the magistrate clearly precluded the later prosecution for atrocious assault and battery. The charges were similar though they differed in degree, the lesser charge was clearly an essential ingredient of the greater, and the facts on which they were based were identical. The later charge arose out of the very same transaction as did the former and the evidence necessary for the later charge would sustain conviction on the former. The municipal court had statutory jurisdiction to dispose of the charge of assault and battery and when it did so the parties could reasonably anticipate that there would be no further assault and battery charge, regardless of degree, based upon the same scuffle. Considerations of fair play as well as prior decisions in our State prohibit such further charge. See *State v. Labato,* 7 *N. J.* 137 (1951); *State v. Mark,* 23 *N. J.* 162 (1957); *State v. Dixon,* 40 *N. J.* 180 (1963); *cf. State v. Lingner,* 183 *Md.* 158, 36 *A. 2d* 674 (1944); *People v. Murray,* 168 *Misc.* 737, 5 *N. Y. S. 2d* 953 (*Cty. Ct.* 1938); *People v. Afarian,* 196 *Misc.* 63, 89 *N. Y. S. 2d* 820 (*Cty. Ct.* 1949); *Commonwealth v. Gill,* 90 *S. W.* 605, 28 *Ky. Law Rep.* 879 (1906).

█ In *Labato,* an adjudication of disorderly conduct in the municipal court based upon the possession of lottery slips

was held to bar a later prosecution for knowingly possessing the same lottery slips in violation of the Crimes Act; in *Mark*, a disorderly conduct conviction based upon the possession of obscene material was held to preclude a later prosecution under the Crimes Act for possession with intent to expose the same material; and in *Dixon*, a disorderly conduct conviction based upon possession of illegal alcohol was held to preclude a later prosecution for possession of the illegal alcohol in violation of the Alcoholic Beverage Control Act. It may be noted that all of these cases require rejection of the State's contention here that double jeopardy is inapplicable because the municipal court had no jurisdiction to deal with the crime of atrocious assault and battery charged in the later prosecution. In all of them, as here, the charges were similar though they differed in degree and the underlying facts were identical; and in all of them, as here, the later prosecution operated unfairly and violated reasonable expectations in the light of the constitutional and common law goals.

■ The indictments for threats to kill and murder in violation of *N. J. S.* 2A :113–8 stand on a different footing and their prosecution is not barred by the proceeding before the magistrate. The second visit by the defendants represented a transaction separate and distinct from the first and the alleged threats to kill were made at that time alone. None of the disorderly conduct charges related to the threats to kill which were dealt with solely in the complaints charging criminal violations of *N. J. S.* 2A :113–8. The magistrate had no jurisdiction to try those criminal violations and he never purported to do so. At no point was there any indication to the defendants that the magistrate was disposing of any threat to kill charges and the later pressing of those charges presents no elements of multiple prosecution or punishment for the same offense and no elements of unfair play, oppression or harassment.

■ The defendants suggest that when the magistrate made his findings on the disorderly conduct charges he actually

gave weight to the evidence of threats to kill. That he did so is not at all clear from the record; but even if he did, that fact would not have sufficient force to call for the invocation of double jeopardy barriers. The defendants were never in jeopardy before the magistrate on the threat to kill charges or on any of their essential elements. Not only was there no identity or similarity between the disorderly offense charges and the threat to kill charges but there was no identity or similarity in the underlying facts or the necessary supporting evidence. Under the circumstances, it seems clear that permitting the State to proceed with its indictments for the threats to kill will do no more than fairly vindicate the State's proper interests in protecting society as a whole without in anywise impairing the vital constitutional and common law policies against multiple prosecution and punishment. *Cf. State v. Leibowitz,* 22 *N. J.* 102, 107–108 (1956); *State v. Fitzsimmons,* 60 *N. J. Super.* 230, 236 (*Passaic Cty. Ct.* 1960); *State v. Craig,* 48 *N. J. Super.* 276, 279 (*App. Div.* 1958).

The orders entered in the Atlantic County Court are affirmed insofar as they dismissed the indictments for atrocious assault and battery and reversed insofar as they dismissed the indictments for threats to kill.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.