536 A.2d 158

**Francis Stewart PAYNE**

**v.**

**STATE of Maryland.**

**No. 703 Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 21, 1988.

Courtland K. Townsend, Jr., Rockville, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and Barry A. Hamilton, Asst. State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Argued before MOYLAN, BLOOM and KARWACKI, JJ.

MOYLAN, Judge.

Like the Trojan Horse through the gates of Troy, the appellant, Francis Stewart Payne, would like to slip a speedy trial claim prematurely into the appellate citadel disguised as a double jeopardy claim. It shall not pass.

The appellant was initially charged in Montgomery County under a three-count criminal information accusing him of 1) conspiracy to murder, 2) solicitation to murder, and 3) a related handgun offense. When the case was called for trial, the defense moved to dismiss the charges for failure to comply with Maryland Rule 4–271 ("the Hicks Rule"). The first trial date had, indeed, been set more than 180 days after counsel's initial appearance in court with no intervening continuances or requests for continuances. The motion was granted and the case was dismissed. We affirmed the dismissal in *State v. Payne,* No. 1676, September Term, 1986, unreported *per curiam* filed August 19, 1987.

One week after the dismissal of the original information, another information was filed in the Circuit Court for Montgomery County charging the appellant with attempted murder. It was stipulated that the attempted murder charge was based upon the same evidence and information that the earlier charges were based upon. The appellant moved to have that information dismissed, alleging a violation of his Fifth Amendment right against double jeopardy. The motion was denied by Judge Paul Weinstein. This appeal followed.

The appellant acknowledges that attempted murder is not the "same offense" as conspiracy, solicitation, or a handgun offense and that traditional double jeopardy concepts of *autrefois acquit* or *autrefois convict* do not remotely apply. Similarly, there is no issue here of multiple punishment. Nor is there any question of retrial following a declaration of mistrial. There also is no question of collateral estoppel, because there was never a final determination in the appellant's favor by an ultimate fact finder on the merits of guilt or innocence. The appellant, rather, claims

that the double jeopardy bar includes the peripheral notion of compulsory joinder—that when the State brought charges initially, it was required to bring all possible charges arising out of a single criminal episode.

 Without intimating anything with respect to the legal merits of the compulsory joinder argument, the short and obvious answer is that there can be no double jeopardy (or, preferably, subsequent jeopardy) claim until there has been initial jeopardy. *See State v. Despertt,* 73 Md.App. 620, 535 A.2d 963 (1988). In a jury trial, jeopardy attaches when the jury is sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). No jury was ever sworn in this case. In a court trial, jeopardy attaches when the first evidence against the defendant is offered. *Crist v. Bretz, supra; Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975). No witness against the appellant ever testified and no evidence of any sort was produced. The dismissal of charges occurred before the trial on the merits began.

 The issue of whether double jeopardy includes the notion of compulsory joinder, therefore, is absolutely moot. There can be no double jeopardy (including or not including compulsory joinder) until there has been initial jeopardy.

 By way of a dying gasp, the appellant claims that the *Hicks* speedy trial rule encompasses a compulsory joinder requirement of its own. *State v. Armstrong,* 46 Md. App. 641, 421 A.2d 98 (1980). *Cf. Irvin v. State,* 23 Md. App. 457, 328 A.2d 329 (1974), *aff'd.,* 276 Md. 168, 344 A.2d 418 (1975). Whatever the merits of that proposition may be, it is not properly before us by way of interlocutory appeal. Neither a constitutional speedy trial claim nor a statutory speedy trial claim may be raised by way of interlocutory appeal. *Stewart v. State,* 282 Md. 557, 386 A.2d 1206 (1978); *Parrott v. State,* 301 Md. 411, 425, 483 A.2d 68 (1984). There is a limited exemption from the bar against interlocutory appeals for claims of double jeopardy, *Neal v. State,* 272 Md. 323, 326, 322 A.2d 887 (1974). As we

have pointed out above, however, it is clear that this case does not involve double jeopardy. The appeal is, therefore, dismissed as premature.

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANT.