567 A.2d 516

**STATE of Maryland**

v.

**Timothy SHIRD.**

**No. 604, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Dec. 29, 1989.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Atty. Gen., on the brief), Baltimore, for appellant.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before WILNER and BISHOP, JJ., and JAMES S. GETTY, Judge of the Court of Special Appeals (Retired), Specially Assigned.

BISHOP, Judge.

A Baltimore City Grand Jury returned three indictments (18824202–04) each charging Timothy Shird, appellee, with one count of assault, assault with the intent to maim, and use of a handgun in the commission of a felony or crime of violence.[1] Appellee filed a Motion to Dismiss the indictments as violative of his double jeopardy rights. Hearings were held on the motion before the Circuit Court for Baltimore City. (Roger M. Brown, J.) Judge Brown granted appellee's motion. The State noted this timely appeal, asking whether the lower court erred in granting appellee's Motion to Dismiss on double jeopardy grounds.

## FACTS

On February 7, 1987 appellee went to the home of Winston Collymore to purchase a refrigerator. There was an argument between the two men culminating with appellee

---

[1] The indictments charged appellant with the same offenses against each of the three victims, respectively.

spitting on Collymore and then leaving. Approximately 10 minutes after appellee's departure, Collymore heard a knock on his front door. Before he could rise from his chair at the dining room table, where he sat with his wife and child, three gunshots were fired through the front door of his house. Collymore testified that he went to the door and saw appellee fleeing. Appellee presented alibi testimony.

Previous to the charges which were dismissed and are the basis of this appeal, appellee was tried under three Criminal Informations each alleging one count of assault with the intent to murder, attempted murder, assault, use of a handgun in the commission of a felony or crime of violence, and possession of a handgun. On May 25, 1988 appellee's trial was started before a jury in the Circuit Court for Baltimore City (Byrnes, J. presiding). At the close of all the evidence, the State formally withdrew the assault with intent to murder and the assault counts from each Criminal Information. Appellee moved for acquittal on the remaining counts. The trial court found legally insufficient evidence of a specific intent to kill and therefore acquitted appellee of attempted first degree murder. The jury was instructed as to the crimes of attempted second degree murder, attempted manslaughter and the two handgun offenses. On June 3, 1988 the jury returned a verdict finding appellee guilty of attempted involuntary manslaughter, use of a handgun in the commission of a felony or crime of violence and possession of a handgun.

On July 11, 1988 appellee filed a Motion for Judgment of Acquittal or in the Alternative for a New Trial arguing that there is no crime of attempted involuntary manslaughter in Maryland. Finding that no such crime exists the court ruled that appellee was entitled to a new trial on attempted manslaughter. Because the use of a handgun charge was predicated on that crime of violence it also was set for trial.

On August 25, 1988 appellee was sentenced to two years imprisonment for the possession of a handgun conviction. The sentence was to be served consecutive to an eight year sentence appellee is currently serving.

On August 29, 1988 the State sought and received the three indictments which are the subject of this appeal. The new charges were based on the original criminal transaction for which appellee was initially prosecuted. After lengthy hearings on December 15 and 19, 1988 the Honorable Roger W. Brown, as we stated, *supra*, granted appellee's Motion to Dismiss all charges.

## DISCUSSION

### I. *Assault*

The State argues that appellee "did not object to, or otherwise complain about" the State's withdrawal of the assault charge at the conclusion of the first trial. Therefore, the *nolle prosequi* was not an unconsented one and the trial court's reliance on *Ward v. State*, 290 Md. 76, 427 A.2d 1008 (1981) was misplaced. The State also argues that *Ward* holds that the *nolle prosequi* of a count after jeopardy attaches does not constitute an acquittal of the underlying offense. The rule that double jeopardy generally prohibits a subsequent prosecution of a previously *nolle prossed* count applies only when there has been no intervening action by the defendant. Since appellee successfully challenged his first conviction the double jeopardy rule does not apply.

Appellee responds that it is a well settled principle of law that an unconsented *nolle prosequi*, after jeopardy attaches, precludes a subsequent prosecution for the same offense. Since jeopardy attached prior to the State's withdrawal of the assault charges, a subsequent prosecution for the same assault is barred.

The double jeopardy clause of the fifth amendment to the United States Constitution has been incorporated within the due process clause of the fourteenth amendment and is binding on the States. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Double jeopardy and its relationship to a *nolle prosequi* was discussed extensively in *Ward v. State, supra*. Both parties rely on *Ward* for their respective positions.

In *Ward,* two different counts charged the same offense in a five count indictment. Count three expressly charged defendant with *being an accessory* before the fact to murder. Count five encompassed murder, manslaughter or *being an accessory* thereto. At trial, after jeopardy had attached, a *nolle prosequi* was entered by the State, without the defendant's consent, with regard to counts four and five. The defendant was later convicted on count three—being an accessory. Defendant challenged his conviction on count three and was awarded a new trial. Before the commencement of the second trial on the accessory charge, the defendant argued that a second trial would violate the prohibition against double jeopardy on the theory that the *nolle prosequi* of count five at the first trial, after the attachment of jeopardy and without defendant's consent, amounted to an acquittal of all offenses charged in the fifth count, including the accessory charge. To retry the accessory charge under the third count would violate the double jeopardy prohibition against a trial for the same offense following an acquittal.

Judge Eldridge, writing for the Court, stated that the fallacy in defendant's argument was his treating the *nolle prosequi* as an acquittal. The Court held that "there is nothing inherent in the nature of a *nolle prosequi* which causes its entry to operate as an acquittal of the underlying offense." *Ward, supra* 290 Md. at 85, 427 A.2d 1008. The Court recognized that the leading Maryland case involving a *nolle prosequi* after the attachment of jeopardy is *Friend v. State,* 175 Md. 352, 2 A.2d 430 (1938). *Friend* stands for the principle that when the defendant is placed in jeopardy at his first trial, he has the right to accept the consequences of that trial, and a *nolle pros* and second trial on a new indictment for the same offense ordinarily violates double jeopardy principles. *Ward, supra* 290 Md. at 91, 427 A.2d 1008.

Applying these principles to the instant case requires an affirmance of the trial court's denial of Ward's double

jeopardy motion. The nolle pros of count five at the defendant's trial was not an acquittal as to the underlying offense of being an accessory before the fact to murder, and in no way precluded the continuation of the trial under count three, also charging him with being an accessory. The defendant was entitled to a verdict on the accessory charge, and he received it.

The State did not then attempt a prohibited subsequent prosecution under the nolle prossed count five. It did not, without any intervening action of the defendant, attempt a prohibited second prosecution under count three following the conviction on that count. Instead, the defendant successfully had his conviction on count three set aside; *he* obtained a new trial, based upon *his* post conviction application. Under this circumstance, a second prosecution for being an accessory before the fact does not violate former jeopardy principles....

In the present case, the unconsented nolle pros of count five, after the attachment of jeopardy, would preclude a later attempt by the State to indict and try the defendant for murder or manslaughter only. However, this would not be because the nolle prosequi was an acquittal on the murder charge. Instead, the result would be dictated by double jeopardy principles. Since count five included a murder and a manslaughter charge (as well as an accessory charge), and as jeopardy *had* attached, the defendant "ran the gantlet" (sic) on these charges at his first trial, and he was deprived of having them resolved by the trier of facts through no action or consent by him. Consequently, both the Fifth Amendment's Double Jeopardy Clause and Maryland common law double jeopardy principles would, under such circumstances, prevent the State from trying him a second time for murder or manslaughter. (Citations omitted.) (Emphasis in original.)

*Ward v. State, supra* at 94–95, 427 A.2d 1008.

■ In the case *sub judice,* the assault charges under each count were withdrawn after jeopardy attached. In *Ward* the Court determined the *nolle pros* of Count 5 was

unconsented simply because Ward did not give consent. *Ward, supra* at 79, 427 A.2d 1008. In the case *sub judice,* Shird not only failed to give his consent to the State's decision to withdraw the assault charges, but inquired of the court if there was a way he could prevent the *nolle pros.* The court permitted the *nolle pros.* Clearly, appellee did not give consent to the withdrawal *sub judice.* Therefore, the State's argument that its *nolle pros* was not an "unconsented" one must fail.

The issue of whether jeopardy had attached was not argued. The parties correctly agreed that jeopardy attaches in a jury trial when the jury is sworn. *Payne v. State,* 73 Md.App. 749, 536 A.2d 158 (1988). No charges of assault remained in the initial trial. Therefore, count five in *Ward* is analogous to the counts charging assault *sub judice.* Since all assault charges were *nolle prossed* after jeopardy had attached, appellee was deprived of having them resolved by the trier of fact through no action or consent by him. Both the fifth amendment's double jeopardy clause and Maryland common law double jeopardy principles, under such circumstances prevent the State from trying appellee a second time for assault.

The State is correct in pointing out the exception to double jeopardy principles. The exception is described thusly:

> "An established exception to the prohibition against a second prosecution for the same offense is, of course, the rule of *United States v. Ball,* 163 U.S. 662, 671–672, 16 S.Ct. 1192 [1195–1196], 41 L.Ed. 300 (1896), that normally a defendant can be tried a second time for an offense if he has successfully challenged his first conviction for that offense."

*Ward, supra* 290 Md. at 95, 427 A.2d 1008. The State argues here that appellee successfully challenged his first conviction and, therefore, a subsequent trial is not precluded. This argument fails because, unlike in *Ward,* the intervening action had nothing to do with the assault charge for which appellee was never convicted. Appellee sought

nullification of his conviction for attempted involuntary manslaughter and use of a handgun in the commission of a felony or crime of violence. As in *Ward* where the Court pointed out that the State was precluded from reprosecuting defendant on count five, appellee here may not be reprosecuted for assault, despite the fact that he has successfully challenged his conviction under a different count charging a different crime. In the scenario of a second trial, a charge that has been *nolle prossed* without defendant's consent, subsequent to the attachment of jeopardy, "amounts to an acquittal" of the underlying offense when that result is dictated by the prohibition against double jeopardy.

## II. *Assault With the Intent to Maim*

The State argues that double jeopardy does not bar prosecution for the aggravated assault charges because the assault charges were erroneously barred from reprosecution. The State further argues that *res judicata* does not preclude a subsequent prosecution for the aggravated assault charge because the jury at appellee's first trial was not charged with finding the existence of the intent to maim, disfigure or disable.

Appellee responds that, for the purpose of double jeopardy, assault and assault with the intent to maim, disfigure or disable are the same offense; therefore, since a second trial for assault is prohibited, double jeopardy also precludes a second trial for aggravated assault. Even if they are not the same offense for double jeopardy purposes, the doctrines of *res judicata* and collateral estoppel would bar further prosecution for the aggravated assault charges.

The Maryland courts have consistently focused upon the evidence required to convict to determine whether two offenses are the same for double jeopardy purposes.

The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same

for double jeopardy purposes even though arising from the same conduct or episode. *But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.* And of course if both statutes have exactly the same elements, the offenses are also the same within the meaning of the prohibition against double jeopardy, and successive prosecutions are barred.

*Thomas v. State,* 277 Md. 257, 267, 353 A.2d 240 (1976) (emphasis added).

In *Jenkins v. State,* 59 Md.App. 612, 624, 477 A.2d 791 (1984), *aff'd in part, remanded in part,* 307 Md. 501, 515 A.2d 465 (1986) this Court held that:

Where a lesser offense and a greater one arise out of the same event, and the facts necessary to prove the lesser are essential elements of the greater, the offenses merge.

Assault with the intent to maim, as we observed above, consists of an assault coupled with the intent to maim. Assault is therefore a lesser included offense, and would, as a matter of law, merge into the greater offense.

(Citations omitted.)

Since assault is a lesser included offense to the aggravated assault charge, they become the same offense under the required evidence test and are also the same within the meaning of the prohibition against double jeopardy. We held above that double jeopardy principles preclude a second prosecution on the assault charges. Therefore, the same is necessarily true for the aggravated assault charges. Appellee may not now be tried for aggravated assault based on the events which transpired on February 7, 1987.

### III. *Use of a Handgun in the Commission of a Felony or a Crime of Violence*

The State argues that "because the State can lawfully proceed against Shird on the statutory aggravated assault,

which charges a crime of violence, there is no bar to the State likewise proceeding on [this charge]."

Appellee responds that the jury's finding of no intent to kill precludes the State from establishing any predicate crime of violence to support the use of a handgun in a crime of violence charge.

■ Since the first trial resolved that there was insufficient evidence to convict appellee of a crime of violence, and we hold double jeopardy bars a second trial on aggravated assault, there is no predicate crime of violence or felony on which to support the use of a handgun charges. *Mitchell v. State*, 44 Md.App. 451, 409 A.2d 260 (1979), *cert. denied*, 287 Md. 755 (1980) (Conclusive determination that crime of violence or felony was not committed precludes relitigation of handgun count.). In order to obtain a guilty verdict for use of a handgun in the commission of a felony or crime of violence, the State must prove beyond a reasonable doubt that the defendant committed a crime of violence. *Mack v. State*, 300 Md. 583, 479 A.2d 1344 (1984). The subsequent indictments charging appellee with three counts of use of a handgun were properly dismissed.

### CONCLUSION

The Circuit Court for Baltimore City properly granted appellee's Motion to Dismiss the three indictments each charging him with one count of assault, assault with the intent to maim, disfigure or disable and use of a handgun in the commission of a felony or crime of violence, based on double jeopardy principles.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.