Boswell v. The State.

issues in which they would have been entirely proper.  *New* v. *New*, 95 Ind. 366.

Judgment affirmed.

Filed May 14, 1887.

No. 13,588.

## BOSWELL v. THE STATE.

CRIMINAL LAW.—*Former Jeopardy.—Plea of Guilty.—Dismissal.—Practice.*—Where a defendant is arraigned before a court of competent jurisdiction to hear and determine the charge, and to adjudge the punishment affixed to the offence, and pleads guilty, which plea has been entered and accepted, and all other steps required by law have been taken, so that nothing further remains to be done except to assess the punishment, he has been put in jeopardy, and can not again be put on trial for the same offence.

SAME.—*Assault and Battery.*—B. was charged with assault and battery, by a sufficient affidavit, duly filed.  He was arrested on a proper warrant, brought before a justice of the peace having competent jurisdiction to try and determine the charge, and being required to plead entered a plea of guilty, which was entered and accepted by the court with the consent of the State, the prosecuting attorney being present.  Afterwards, the injured party being present, the defendant standing on his plea of guilty, and demanding a hearing, the State voluntarily dismissed the prosecution ;

*Held*, that such proceeding was a bar to any further prosecution of B. for the same offence, he having been in jeopardy.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille*, for appellant.

*L. T. Michener*, Attorney General, *E. C. Vaughn*, Prosecuting Attorney, *B. M. Cobb*, *C. W. Watkins* and *J. H. Gillett*, for the State.

MITCHELL, J.—On the 2d day of April, 1886, the grand jury of Huntington county returned an indictment into the Huntington Circuit Court against Andrew J. Boswell, for an

alleged assault and battery upon one Butler.  The defend-
ant filed a special plea, the substance of which was, that at
a date prior to the returning of the indictment, he had been
charged in an affidavit, filed before a justice of the peace of
that county, with the commission of the same identical
offence, with which he stood charged in the indictment, and
that upon a warrant duly issued he had been arrested and
taken before the justice, with whom the affidavit had been
lodged, and required to plead to the charge.  It was further
averred that, being so arraigned and required to plead in
open court, and in the presence of the prosecuting attorney,
the defendant pleaded guilty to the charge, which plea was
accepted by the court; and that thereupon, with the consent
of the prosecutor, the case was continued until the next day,
at 9 o'clock A. M., and a subpoena issued for Thad Butler,
the injured party.  It is alleged that the witness, Butler,
appeared at the time appointed, and, the defendant being
ready in court demanding a hearing upon his plea so entered
and accepted, the prosecuting attorney voluntarily dismissed
the prosecution before the justice.  The affidavit and a tran-
script of the proceedings before the justice are made a part
of the special plea.  The court sustained a demurrer to the
plea, and, upon a plea of not guilty, the defendant was
tried, and assessed with a fine of twenty-five dollars and
costs.

The only question involved is, did the proceedings before
the justice put the appellant in jeopardy, so as to protect
him from another prosecution for the same offence?

It is conceded that a sufficient affidavit was filed with a
justice of the peace having competent jurisdiction to hear
and determine the charge.  After being brought before the
justice and required to plead, a plea of guilty was entered
and accepted by the court, with the consent of the State.
Afterwards, the injured party being in attendance, the de-
fendant standing on his plea of guilty and demanding a
hearing, the State voluntarily dismissed the prosecution.

Boswell *v.* The State.

It is too well settled to be open to doubt, that if a defendant has been put upon trial for a criminal offence, or as is sometimes said, if a competent jury has been "charged" with the offence, and a *nolle prosequi*, or anything equivalent thereto, is afterward entered without his consent, he can not be again put upon trial for the same offence. *Hensley* v. *State*, 107 Ind. 587; *Kingen* v. *State*, 46 Ind. 132; *Hines* v. *State*, 24 Ohio St. 134; 1 Bishop Crim. Law, section 1016; Whart. Crim Pl. and Pr., sections 447, 517; Moore's Crim. Law, section 400.

A voluntary dismissal under such circumstances is equivalent to an acquittal.

"If, in a particular case, the jeopardy has attached, though for an instant only," says a learned author, "and there is afterward such a lapse in the proceedings as requires a new jeopardy, in distinction from a continuation of the old, to produce a conviction, the defendant has thereby obtained the right to demand his discharge." 1 Bishop Crim. Law, section 1013.

True, the language found in the books usually is, that jeopardy does not attach unless a jury has been actually empanelled and charged with the offence, but surely this can not mean that a court, without the intervention of a jury, may proceed so far that nothing remains to be done except to assess the amount of punishment, and that the defendant will not have been thereby put in jeopardy. Trial by jury may be waived, or by pleading guilty the necessity for a trial may be wholly avoided, there being in that case no issue to try. Necessarily, therefore, where a defendant is arraigned before a court having competent jurisdiction to hear and determine the charge, and to adjudge the punishment affixed to the offence, and pleads guilty, nothing further remains except to enter the plea and assess the punishment. *Gray* v. *State*, 107 Ind. 177; section 1767, R. S. 1881.

Of course, the court may hear evidence after a plea of guilty

Boswell v. The State.

in order to determine the amount of punishment, but it can not be said, after a plea of guilty has been entered and accepted by the court, and all other preliminary requisites for a hearing and sentence are ready, that the defendant has not been for an instant in jeopardy, when the court might at any moment have pronounced the sentence of the law upon him. He was in precisely the same jeopardy as if a jury had returned a verdict of guilty, in case the assessment of punishment had been left to the court.

It is said that it does not appear that the defendant objected to the dismissal, and that it may, hence, be considered that he waived his constitutional privilege. Without determining that it was necessary that he should have objected, in order that he might not again be put upon trial, it is enough to say that the plea alleges that he was demanding a hearing on his plea of guilty. This is enough to indicate that the dismissal was not with his consent.

Our conclusion is, since the justice at the time of the dismissal had subpœnaed the injured party, and thus secured his presence, and had proceeded so far that nothing further remained except to pass judgment upon the defendant, that the State could not then dismiss, and bring the appellant to trial again.

The plea shows that the prosecuting attorney was present, representing the State, when the plea of guilty was entered, and that he consented thereto, and that he voluntarily dismissed the case after the injured party was present in court. The suggestion that there may have been fear of collusion between the defendant and the justice is, therefore, without force. If there was any reason to suspect collusion, the prosecutor should have dismissed before arraigning the defendant, or at least before the presence of the injured party left nothing more to be done, except to pronounce judgment.

The judgment is reversed.

Filed May 13, 1887.