STATE of Indiana, Appellant
(Plaintiff Below),

v.

Edgar BOZE, Appellee
(Defendant Below).

No. 3–1284A354.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1985.

Rehearing Denied Oct. 7, 1985.

Linley E. Pearson, Atty. Gen. of Ind.,
Michael Gene Worden, Deputy Atty. Gen.,

Office of Atty. Gen., Indianapolis, for appellant.

James V. Tsoutsouris, Public Defender, Porter County by James A. Johnson, Chief Deputy, Portage, for appellee.

STATON, Presiding Judge.

The State appeals the trial court's dismissal of a charge of attempted murder levied against Boze. The issue presented for review is:

Whether the trial court's dismissal, based on a defense of double jeopardy to a charge of attempted murder was proper when the defendant pled guilty to battery immediately before moving for dismissal of the attempted murder charge?

Reversed.

Officer Gonzalez was attacked by Boze with a knife and sustained cuts on his elbow, forehead and scalp. During the attack, Boze told the officer he was going to "get him" and that he was going to stab him in the throat. The attack was ended by the intervention of a civilian and another police officer. Boze fled but was captured later.

Two charges were brought: attempted murder and battery. Just before trial was to commence, Boze requested he be allowed to change his plea on the battery charge to guilty. After the court questioned Boze on the stand, the defense attorney, Mr. Skinner, asked the following questions:

"Q. Edgar, you and Mr. Johnson and I discussed your changing your plea to guilty on the battery charge, didn't we?

A. Yes.

Q. And we let you think on it overnight, correct?

A. Yes.

Q. And knowing that, you still wish to change your plea to guilty?

A. Yes.

Q. And that's because you feel that's what you're guilty of?

A. That's right."

Record, p. 66 & 67.

The prosecutor, Mrs. Vaidik, had only one question:

"Q. And you intend at this time then to stand trial on the one count, attempted murder?

A. Yes, ma'am."

Record, p. 67.

■ The court said it would accept the guilty plea [1] and asked if any evidence was to be submitted. Vaidik immediately made the following objection:

"In agreeing with this change of plea and not dismissing it, it's [sic] the intention of the State to proceed with the attempted murder charge, and if later on in this proceeding they should have some kind of double jeopardy argument at all that this is lesser-included and, therefore, cannot be found guilty of attempted murder, State would oppose the change of plea to the battery charge."

Record, p. 68.

Evidence was then submitted to show a prima facie case and the court pronounced Boze guilty of battery, a class C felony.

Skinner immediately moved to dismiss [2] the attempted murder charge and claimed:

"The basis of the motion to dismiss is he just pled guilty to the battery which is a lesser-included offense in this case and as such he cannot be tried or convicted on the murder charge."

Record, p. 69.

■ We acknowledge defense counsel's argument that Ind.Code 35-41-4-3 mandates "[a] prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if ...

---

1. In the record the trial court stated it had no choice but to accept the guilty plea. This is not true. A trial court has discretion to accept or reject a guilty plea. *Stroud v. State* (1983), Ind., 450 N.E.2d 992, 995; *Meadows v. State* (1981), Ind., 428 N.E.2d 1232, 1235.

2. Skinner had a written motion to dismiss filed the same day as the guilty plea was accepted. The strategy was clearly planned.

the former prosecution resulted in an acquittal or a conviction of the defendant." Counsel also points out the statute expressly states "[a] conviction[3] of an included offense constitutes an acquittal of the greater offense...." *Id.* (footnote added).

However, the tactic tried by counsel has not been looked upon favorably by the United States Supreme Court or the Indiana Supreme Court.[4] We do not like it either.

■ The statute cited to us by defense counsel is a recognition and codification of the prohibition against double jeopardy. *State v. Burke* (1983), Ind.App., 443 N.E.2d 859, 860. It does not encompass the entire law concerning double jeopardy[5] and is subject to caselaw delineating when the double jeopardy defense comes into play.

*Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, reiterated the general rule that the Double Jeopardy Clause prohibits trial of a defendant after he has been convicted of a lesser included offense. Exceptions to *Brown* were promulgated in *Jeffers v. United States* (1977), 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168. The defendant in *Jeffers* opposed the Government's motion for a consolidated trial on two indictments. He was convicted on the first charge. During the appeal of that conviction, he filed a motion to dismiss the second indictment based on the argument that both indictments arose from the same facts and that the first conviction was a lesser included offense of the second indictment. *Jeffers* held the defendant waived his fifth amendment right against double jeopardy. In 1984 the United States reaffirmed *Jeffers* but used a different rationale. *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425.

**3.** A conviction is a "determination that the defendant was guilty of the crime charged or a lesser offense." *Scalf v. State* (1981), Ind.App., 424 N.E.2d 1084, 1086. A guilty plea is recognized as a conviction. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, *cited in Combs v. State* (1973), 260 Ind. 294, 295 N.E.2d 366, 370.

**4.** Eighty years ago the Indiana Supreme Court had to decide whether to allow a defendant to escape full prosecution or to reverse. It reversed. *State v. Morrison* (1905), 165 Ind. 461, 75 N.E. 968. The defendant had pled guilty to manslaughter over the State's objection when he was charged with first degree murder. The State appealed the dismissal of the murder charge. *Morrison's* discussion of the parties actions are equally applicable to the parties before us now:

"Taking up the question as to the propriety of the action of the court in receiving a plea of guilty to manslaughter, we have to say that we deem it clear that the course pursued was not proper. Subject to the limitation that the parties must not offend against the rules of pleading, it is a settled doctrine of the common law, as stated by Sir Frederick Pollock, 'that the court is not to dictate to parties how they shall frame their case.' Pollock, Expansion of the Common Law, 33. This rule applies to public prosecutions. It is for the state, acting through the instrumentalities provided by law, to determine the nature of the criminal charges that shall be brought forward...."

*Morrison,* 165 Ind. at 463, 75 N.E. at 969.

**5.** The Double Jeopardy Clause provides three basic protections. The United States Supreme Court has recently explained those protections and the rationale for each protection. Its explanation bears repeating:

"[The Double Jeopardy Clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense ...

"The bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence.

In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature ... the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent ... But where a defendant is retried following conviction, the Clause's third protection ensures that after a subsequent conviction a defendant receives credit for time already served."

*Ohio v. Johnson* (1984), —— U.S. ——, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (citations and footnotes omitted.).

The fact situation in *Ohio* is almost identical to the one before us now. The defendant in *Ohio* pled guilty to two out of four indictments; manslaughter and grand theft. Over the State's objection the guilty pleas were accepted, and the defendant was sentenced. The remaining charges of murder and aggravated battery were challenged on the basis of a double jeopardy argument. The trial court dismissed the latter two charges.

■ We adopt the following rationale of *Ohio v. Johnson:*

"No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the state its right to one full and fair opportunity to convict those who have violated its laws.

We think this is an even clearer case than *Jeffers v. United States* ... where we rejected a defendant's claim of double jeopardy based upon a guilty verdict in the first of two successive prosecutions, when the defendant had been responsible for insisting that there be separate rather than consolidated trials. Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges."

104 S.Ct. at 2542–43.

■ Application of the above rationale to the facts at hand is decisive. Today's decision should make it clear the State has the power to charge more than one count and pursue all counts in a single trial. If a defendant wishes to dispose of one of the charges by pleading guilty, he may do so, but he cannot use his plea over the State's objection to divest the State of the power to fully prosecute or to determine which charges will, or will not, be pursued.

[8] The dismissal by the trial court is reversed and remanded for further proceedings on the attempted murder charge.[6]

GARRARD and HOFFMAN, JJ., concur.

**6.** As discussed in footnote 5, the Double Jeopardy Clause prohibits multiple prosecutions and cumulative punishments for the same offense. As our holding concerns multiple prosecutions, a trial on the attempted murder charge may result in a conviction and as such appears to raise an issue of cumulative punishment. It does not. Both parties have concluded battery is a lesser and included offense of attempted murder. While we do not agree or disagree with this conclusion, we find it forestalls any argument about cumulative punishment because it is clear that if Boze is convicted of attempted murder, he cannot be sentenced on both convictions. *Brown*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Smith v. State* (1980), Ind.App., 408 N.E.2d 614, 622.