**STATE of Indiana, Appellant (Plaintiff),**

v.

**Gary E. KEITH, Appellee (Defendant).**

No. 2–1184–A–341.

Court of Appeals of Indiana, Second District.

Sept. 11, 1985.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

Geoffrey A. Rivers, Muncie, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiff-appellant the State appeals the dismissal with prejudice of charges pending against defendant-appellee Gary E. Keith (Keith) claiming the trial court erred in dismissing the charges on grounds of double jeopardy.

We affirm.

## FACTS

The facts most favorable to the trial court's decision are as follows: On April 25, 1983, Keith struck a child while driving a friend's motorcycle. The State charged Keith with disorderly conduct,[1] criminal

---

1. Ind.Code 35–45–1–3(2) (1982) (a class B mis-    demeanor).

recklessness,[2] driving while intoxicated,[3] and driving without an operator's license[4] under cause numbers CDCI–83/610 and SDCI–83/647 [hereinafter collectively referred to as the misdemeanor proceeding]. Keith was arraigned and pled not guilty to each charge.

On July 12, 1983, the State filed a motion to dismiss the misdemeanor proceeding pending against Keith so that felony charges could be filed. At a July 26, 1983 hearing Keith objected to the dismissal motion and tried to enforce a plea agreement entered into by the State and Keith. Ultimately, on October 19, 1983, the court rejected the parties' plea agreement but permitted Keith to plead guilty. The court established a factual basis for entry of the plea, accepted the plea, and scheduled a sentencing date. Next, on October 25, 1983, the State filed a motion to strike Keith's guilty plea and to dismiss the misdemeanor charges. Keith opposed the State's motion and the motion was denied.

On November 9, 1983, Keith was arraigned in cause CS4–83/27 [hereinafter referred to as the felony proceeding] on a charge of criminal recklessness,[5] arising out of the same motorcycle ride. The next significant event occurred in the misdemeanor proceeding when, on January 10, 1984, the State again filed a motion to dismiss for the reason "charges involving the same occurrence are pending in another court." *Record* at 42. This motion was granted without objection from Keith, and, on January 18, 1984, the misdemeanor proceeding against Keith was dismissed. In the felony proceeding, also on January 18, the State filed a second count against Keith charging him with operation of a vehicle while intoxicated resulting in serious bodily injury.[6] Keith filed a motion to dismiss both charges against him in the felony proceeding because they violated the constitutional and statutory prohibition against double jeopardy. Ultimately, the felony proceeding against Keith was dismissed by the court.

To recapitulate, the order of dispositive events is as follows:

Misdemeanor charges of disorderly conduct, criminal recklessness, and driving while intoxicated filed against Keith;

State's motion to dismiss misdemeanor charges overruled;

Keith pleads guilty to misdemeanor charges and trial court accepts his guilty plea;

Keith charged with a felony, criminal recklessness;

Trial court grants State's second motion to dismiss the misdemeanor proceeding;

Keith charged with felony, operation of a motor vehicle while intoxicated;

Trial court grants Keith's motion to dismiss the felony proceeding.

The State now appeals.

## ISSUE

The State presents one issue for our review:

Whether the trial court's dismissal of the felony proceeding against Keith was contrary to law?

## DECISION

PARTIES' CONTENTIONS—The State says the felony proceeding is not prohibited because jeopardy never attached in the misdemeanor proceeding and, in any event, the charges filed in the felony proceeding are separate crimes from those charges brought in the misdemeanor proceeding.

Keith protests that jeopardy did attach in the misdemeanor proceeding and that the charges filed in the felony proceeding are essentially the same as those filed in the misdemeanor proceeding.

---

**2.** IC 35–42–2–2(a)(1) (1982) (a class A misdemeanor).

**3.** IC 9–4–1–54(b) (1982) (a class A misdemeanor) (repealed 1983 and recodified in part at IC 9–11–2–1, –5 (Supp.1985) ).

**4.** IC 9–1–4–26 (1982).

**5.** IC 35–42–2–2(b) (a class D felony).

**6.** IC 9–11–2–1, –2, and –4.

CONCLUSION—The trial court's dismissal of the felony proceeding against Keith was not contrary to law.

By way of prelude, we observe that the State does not question the sufficiency of competent evidence supporting the trial court's finding of double jeopardy. Consequently, any error in this regard is waived. *See Smith v. State* (1985), Ind., 475 N.E.2d 1139 (appellate court declines to review issues not raised in appellate brief). But, the State may appeal the trial court's dismissal in favor of Keith based on jeopardy pursuant to IC 35–38–4–2(2) (Supp.1985). *State v. McMillan* (1980), 274 Ind. 167, 409 N.E.2d 612, *cert. denied*, 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207. We are bound to affirm the action of the trial court if any valid basis exists to support it. *State v. McLaughlin* (1984), Ind.App., 471 N.E.2d 1125. As the determination of jeopardy involves a question of fact, we will disturb a trial court's finding only if it is "clearly erroneous as unsupported by the facts and circumstances *before the court* together with any reasonable inferences to be drawn therefrom." *State v. Bowman* (1981), Ind., 423 N.E.2d 605, 607 (emphasis added).

■ It is well established that once a court of competent jurisdiction accepts a defendant's guilty plea after a determination of a factual basis and voluntariness, jeopardy attaches. Absent a waiver of jeopardy rights, a subsequent trial on the same charge is prohibited. *Stowers v. State* (1977), 266 Ind. 403, 363 N.E.2d 978; *Boswell v. State* (1887), 111 Ind. 47, 11 N.E. 788. *See generally* U.S. CONST. amend. V; Ind. CONST. art. I, § 14; IC 35–41–4–3 (1982). Our supreme court has so reasoned because, after a guilty plea has been entered and accepted by a court, a defendant is "in precisely the same jeopardy as if a jury had returned a verdict of guilty." *Boswell, supra* at 50, 11 N.E. at 790.

Despite the State's assertions to the contrary, the evidence considered by the felony proceeding court at Keith's dismissal hearing supports its decision that jeopardy attached during the misdemeanor proceeding because the court had accepted Keith's guilty plea to the misdemeanor charges. At his motion to dismiss hearing, Keith testified that he was sworn under oath before he pled guilty to the misdemeanor charges and that the court established a factual basis for his plea from his testimony. *Record* at 153.

■ Our motion to dismiss statute permits defendants to submit affidavits containing sworn allegations of fact along with their motions. IC 35–34–1–8 (1982). Keith's entire motion was made subject to the penalties for perjury and was signed under oath. *Record* at 22–24. In reviewing a related matter, our supreme court recently held that pleadings prepared by a defendant under oath and relied upon by the trial court and the parties as evidence could be considered as evidence by this court upon review even though the pleadings were never formally entered into evidence. *State v. Cleland* (1985), Ind., 477 N.E.2d 537. We follow this most recent pronouncement in a rather nebulous area of law and examine as evidence Keith's motion to dismiss pleadings and accompanying exhibits. *But see State v. Fair* (1983), Ind., 450 N.E.2d 66.

■ Keith's sworn dismissal petition and the exhibits incorporated therein substantiate his testimony of jeopardy. One exhibit, a certified docket sheet from the misdemeanor proceeding, relates that on October 19, 1983 the following occurred:

"The defendant now moves to withdraw his plea of not guilty to the charge and substitute in lieu thereof a plea of guilty and the Court having been satisfied that the plea of guilty herein was made voluntarily and the Court having established a factual basis for the entry of the plea, the Court now accepts the said plea of guilty herein...."

*Record* at 30. Properly authenticated criminal docket sheets are admissible to prove a defendant's prior convictions. *Connell v. State* (1984), Ind., 470 N.E.2d 701; *Minneman v. State* (1982), Ind., 441 N.E.2d 673;

*Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60.

■ The record of the felony proceeding [7] established that the misdemeanor proceeding court accepted Keith's guilty plea after a determination of the factual basis and voluntariness. Therefore, jeopardy attached in the misdemeanor proceeding, and a second prosecution on the same charges is prohibited. There is no indication Keith's guilty plea was conditionally accepted as was the case in *Stowers, supra.* Rather, the record shows that Keith entered a guilty plea and it was accepted by the trial court without objection from the State.[8]

Having decided Keith was placed in jeopardy in the misdemeanor proceeding when the trial court accepted his plea of guilty before the State moved to dismiss the charges against him, we must now determine whether the misdemeanor proceeding charges are lesser included offenses of the felony proceeding charges. We conclude the misdemeanor proceeding charges are lesser included offenses of the felony proceeding charges.

■ The purpose of both our federal and state Double Jeopardy Clauses is to prohibit reprosecution and multiple punishment for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. Greater and lesser included offenses are considered to be the same offense for purposes of double jeopardy. *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Elmore, supra.* An included offense means, in part, an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." IC 35–41–1–16(1). To satisfy our federal and state constitutional prohibitions against reprosecution for the same offense, we must first determine whether *each criminal statute* with which Keith was charged required proof of an additional fact which the other did not. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *State v. Redmon* (1981), Ind., 425 N.E.2d 634. In applying the *Blockburger* test, we must also examine the manner in which both felony offenses were charged and not merely the statutory definitions of the offenses. *Tawney v. State* (1982), Ind., 439 N.E.2d 582.

## A.

In the misdemeanor proceeding Keith was charged with driving while intoxicated, IC 9–4–1–54(b), which provided, in part: "A person who operates a vehicle while intoxicated commits a Class A misdemeanor."

This section has since been repealed and recodified, in part, at IC 9–11–2–1, –5. In the felony proceeding Keith was charged

---

7. The State included in the record on appeal the transcript of Keith's guilty plea hearing from the misdemeanor proceeding, but the record indicates that this transcript was never before the felony proceeding court. Therefore, we cannot consider this record as evidence. *Sawyers v. State* (1976), 168 Ind.App. 149, 341 N.E.2d 810.

8. We should add that we are aware of IC 35–34–1–13 (1982) which states a defendant must object to a State's motion to dismiss or the granting of the motion will not bar a subsequent retrial. The statute provides, in part: "In any case where an order sustaining a motion to dismiss would otherwise constitute a bar to further prosecution of the crime charged, unless the defendant objects to dismissal, the granting of the motion does not bar a subsequent trial of the defendant on the offense charged." IC 35–34–1–13(b). Technically, Keith waived his jeopardy defense by failing to object to the State's second motion to dismiss. The State, however, has not raised this issue of whether Keith, in fact, preserved his jeopardy defense either before the trial court or on appeal. An essential component of appellate procedure requires litigants to present claims of error to the trial court; failure to do so results in waiver of the error. *Wagner v. State* (1985) Ind., 474 N.E.2d 476; *Mitchell v. State* (1983), Ind., 455 N.E.2d 1131. Also, a litigant must brief allegations of error on appeal or they are waived. *Smith, supra;* Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Thus, we conclude that the State has waived any potential error arising out of IC 35–34–1–13(b).

with violating IC 9–11–2–1, –2, and –4. IC 9–11–2–1 provides:

"A person who operates a vehicle with ten-hundreths per cent (.10%), or more, by weight of alcohol in his blood commits a Class C misdemeanor."

IC 9–11–2–2 provides:

"A person who operates a vehicle while intoxicated commits a Class A misdemeanor."

Lastly, IC 9–11–2–4 provides:

"A person who violates section 1 or section 2 of this chapter commits a Class D felony if the crime results in serious bodily injury to another person."

■ Plainly, the second charged offense, the felony offense, requires proof of the element of serious bodily injury not required by the first offense. However, proof of the second offense *satisfies* each element of the first. The first "is therefore a lesser and included offense within the other, and the two are therefore the same for double jeopardy purposes." *Redmon, supra*, at 636. *See also Hopper v. State* (1985), Ind., 475 N.E.2d 20. As our supreme court has already determined that a defendant cannot be prosecuted for the greater offense after jeopardy has attached via entry of a plea of guilty to a lesser included offense, we affirm the trial court's dismissal of the driving while intoxicated resulting in serious bodily injury charge. *State v. Hicks* (1983), Ind., 453 N.E.2d 1014.

### B.

Initially, Keith was charged with criminal recklessness, IC 35–42–2–2(a)(1), a class A misdemeanor. IC 35–42–2–2(a) provides, in part:

"A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

1. Class A misdemeanor if the conduct includes the use of a vehicle;"

■ In the felony proceeding, the State charged Keith with committing criminal recklessness as a class D felony:

"A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony...."

IC 35–42–2–2(b). It is possible to commit the felony offense without committing the misdemeanor offense. The class D felony offense does not require proof that the reckless actor used an automobile to create the risk of bodily injury. Therefore, the lesser offense is not inherently included in the greater. *Mahone v. State* (1981), Ind. App., 429 N.E.2d 261.

Because proof of the felony offense *statute* does not satisfy each element of the misdemeanor offense statute, we must review the felony offense *charging instrument* to determine if it alleges commission of the lesser offense by virtue of the means employed in committing the greater offense. The felony criminal recklessness information in this case provides, in pertinent part:

"Gary E. Keith on or about the 25th day of April, 1983 at and in the County of Delaware, State of Indiana, did then and there unlawfully recklessly, to-wit: operate a motorcycle at an excessive rate of speed, inflicting serious bodily injury, to-wit: ... on another person...."

*Record* at 10. From examination of the felony information it is apparent Keith was charged with recklessly inflicting serious bodily injury by using a vehicle. Consequently, the felony offense *as charged* satisfies each element of the misdemeanor offense. The misdemeanor offense is therefore a lesser included offense of the felony crime, and the two are the same for double jeopardy purposes. *Tawney, supra; Redmon, supra*. We follow the mandate of our supreme court that a defendant cannot be prosecuted for a greater offense after jeopardy has attached via entry of a guilty plea to a lesser included offense, and affirm the trial court's dismissal of the criminal recklessness charge.

We are not persuaded otherwise by the State's citation of *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425. In that case, the State of Ohio brought four charges against Johnson. Over the State's objection, Johnson pled guilty to two of the charges that were lesser included offenses of the two remaining charges. The court then granted a motion by Johnson, again over the State's objection, to have the remaining charges dismissed. The United States Supreme Court held the Double Jeopardy Clause did not prohibit the State from prosecuting a defendant for multiple offenses in a single prosecution. The Supreme Court reversed Johnson's dismissal because the State is entitled to one full and fair opportunity to prosecute Johnson for violating its laws and to end prosecution in a dismissal would deny the State that right.

The parties before us are not similarly situated.[9] The *State* moved to dismiss the charges against Keith *after* jeopardy had attached on the driving while intoxicated plea. This is not an instance where the State filed all of its charges against a defendant hoping to prosecute through trial. Instead, the State filed felony charges after a defendant had pled guilty to the misdemeanor charges and that plea had been accepted by the trial court. Our case is more closely akin to the circumstances presented in *Brown, supra*. Brown stole an automobile from a parking lot in Ohio and nine days later was caught driving the car. The police charged him with "joy riding", or, taking or operating a car without the owner's consent. Brown pleaded guilty and served a thirty day sentence for this crime. Upon release from jail, Brown was charged with the theft of the car. The trial court overruled Brown's double jeopardy objection and sentenced him to six months in jail. In line with the test set down in *Blockburger, supra*, the United States Su-

preme Court reversed the Ohio Supreme Court, holding that the Double Jeopardy Clause forbade *successive prosecution* and cumulative punishment for a greater and lesser included offense. Likewise, we cannot permit the State to engage in a second prosecution of Keith after jeopardy attached in the misdemeanor proceeding.

We affirm the trial court's judgment.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.

---

**9.** Keith's situation is also distinguishable from *State v. Boze* (1985), Ind.App., 482 N.E.2d 276. Like *Johnson, supra,* the defendant in *Boze,* pled guilty, over the State's objection, to only one of two charges brought against him. Then, pursuant to the defendant's motion and again over the State's objection, the trial court dismissed the remaining charge against Boze on the grounds of jeopardy. We reversed on the basis of *Johnson, supra,* and the State's ability, "to charge more than one count and pursue all counts in a single trial." *Boze, supra,* p. 279.