STATE of Indiana, Appellant
(Plaintiff),

v.

Gary E. KEITH, Appellee (Defendant).

No. 2–1184–A–341.

Court of Appeals of Indiana,
Second District.

April 28, 1987.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant (plaintiff).

Geoffrey A. Rivers, Muncie, for appellee (defendant).

## ON REHEARING

BUCHANAN, Judge.

In our original opinion appearing as *State v. Keith* (1985), 482 N.E.2d 751, we affirmed the trial court's dismissal of felony charges of criminal recklessness and operation of a vehicle while intoxicated resulting in serious bodily injury with prejudice on the grounds of double jeopardy.

We now address the State's petition for rehearing for the limited purpose of expanding upon our earlier discussion.

The State asserts that our opinion erroneously states that the trial court accepted Keith's guilty plea to the lesser-included misdemeanor charges *before* the State moved to dismiss those charges. While the State moved to dismiss the misdemeanor charges, which the mandatory language of Ind.Code 35–34–1–13 requires the trial court to do, the record reflects that the trial court did not grant the State's motion until it had accepted Keith's guilty plea to the misdemeanor charges. Rather than insisting that the trial court grant the motion, the State did not object, did not appeal, did not seek mandamus, or take any other possible action to prevent violation of IC 35–34–1–13. Instead, the State remained silent when the trial court rejected the State's proposed plea agreement and accepted Keith's guilty plea. The State did not move to strike the plea until *after* the trial court's acceptance of that plea. Consequently, jeopardy had attached. *See Stowers v. State* (1977), 266 Ind. 403, 363 N.E.2d 978; *Boswell v. State* (1887), 111 Ind. 47, 11 N.E. 788. Although the State was *entitled* to dismissal of the misdemeanor charges pursuant to IC 35–34–1–13, we cannot presume, as the State contends, that everything occurring after the State's filing of its first motion to dismiss in this case rendered all subsequent proceedings null and void. A party may not sit idly by and permit the court to act in a claimed erroneous manner, and then attempt to take advantage of the alleged error at a later time. A timely objection must be lodged. *Hensley v. State* (1969), 251 Ind. 633, 244 N.E.2d 225. By failing to object in a timely fashion at the guilty plea hearing, the State waived the trial court's alleged error. *See Hensley, supra.*

The State properly observes that a defendant may not avoid prosecution on greater charges by the expedient of pleading guilty to lesser included offenses, *see generally Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425; *State v. Boze* (1985), Ind.App., 482 N.E.2d 276,

*trans. denied;* however, the cases cited by the State in support of its position that the prosecution of felony charges were not barred by double jeopardy principles are distinguishable. As we indicated in our original opinion, this was not an instance in which the State filed all of its charges against a defendant hoping to prosecute through trial. Rather, the State filed felony charges after the trial court accepted Keith's guilty plea to the misdemeanor charges. Unlike *Boze, supra* and *Johnson, supra,* Keith's acts did not precipitate the double jeopardy problem. Rather, the State chose to file felony charges instead of pursuing error occurring at the guilty plea hearing. Because jeopardy attached in the misdemeanor proceeding, we conclude that the trial court's dismissal of the felony charges against Keith was not contrary to law.

The petition for rehearing is denied.

SHIELDS, P.J., and SULLIVAN, J., concur.