Scott **ZEHR**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 02A05–9508–CR–328.

Court of Appeals of Indiana.

March 18, 1996.

Stanley L. Campbell, Swanson & Campbell, Fort Wayne, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee.

### OPINION

SHARPNACK, Chief Judge.

Scott Zehr appeals his conviction for driving while intoxicated ("DWI"), a class D felony. Zehr raises one issue for review which we restate as whether the trial court violated double jeopardy principles by convicting Zehr of a felony offense after he had already pleaded guilty to a lesser included misdemeanor offense. We affirm.

The facts most favorable to the judgment follow. On January 17, 1991, Zehr was arrested for DWI.[1] On March 18, 1991, he

---

1. Zehr also received citations for speeding and driving left of center.

filed a notice of intent to plead guilty and a motion to participate in the Alcohol Abuse Deterrent Program ("AAD program"). On the same day, the trial court held a hearing during which Zehr admitted to two prior convictions for DWI. Zehr then pleaded guilty to DWI, a class A misdemeanor. Thereafter, the court granted Zehr's motion to participate in the AAD program, pursuant to Ind.Code §§ 9–11–5–2,3.[2] In accordance with these statutes, the trial court deferred the proceedings for four years on the condition that Zehr successfully complete the AAD program.

On July 21, 1994, the trial court issued an order finding that Zehr had violated his sentencing conditions. On July 26, 1994, the State petitioned to resume criminal prosecution based primarily upon Zehr's failure to attend the AAD program. On September 16, 1994, the State filed an information charging Zehr with felony DWI.

On October 11, 1994, the trial court conducted a hearing on the State's petition to resume prosecution. At the hearing, Zehr argued that the new charge of felony DWI placed him in double jeopardy. Nonetheless, the court conducted an initial hearing regarding the felony DWI charge.

On March 30, 1995, the trial court conducted a guilty plea hearing where Zehr pleaded guilty to felony DWI pursuant to a written plea agreement. In the plea agreement, Zehr preserved "his right to appeal the Court's decision to reinstate this deferred prosecution." Record, p. 20. The trial court sentenced Zehr to two years in prison, which was later modified to home detention. Zehr now appeals his felony DWI conviction.

The sole issue for review is whether the trial court erred in convicting Zehr of felony DWI. Zehr argues that under the principles of double jeopardy, the trial court could not convict him of the felony offense after he had already pleaded guilty to a lesser included misdemeanor offense.

The Double Jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Indiana Constitution provides that no person shall "be put in jeopardy twice for the same offense." IND. CONST. art. I, § 14. The purpose of both our federal and state Double Jeopardy provisions is to prohibit reprosecution and multiple punishment for the same offense. *State v. Keith*, 482 N.E.2d 751, 755 (Ind.Ct.App.1985), *reh'g denied*, 507 N.E.2d 245 (Ind.Ct.App.1987). "Greater and lesser included offenses are considered to be the same offense for purposes of double jeopardy." *Id.* Accordingly, after jeopardy has attached, the State is prohibited from prosecuting the defendant for the greater offense when he has already pleaded guilty to a lesser included offense. *State v. Hicks*, 453 N.E.2d 1014, 1019 (Ind.1983), *appeal after remand*, 510 N.E.2d 676 (Ind.1987).

For Zehr to prevail on appeal, he must demonstrate that jeopardy attached when he initially pleaded guilty to misdemeanor DWI.[3] It is well established that jeopardy attaches once a court accepts a defendant's guilty plea. *Keith*, 482 N.E.2d at 754. Absent a waiver of jeopardy rights, a subsequent trial on the same offense is prohibited. *Id.*

On March 18, 1991, Zehr pleaded guilty to misdemeanor DWI. However, the trial court did not accept his guilty plea, but rather granted Zehr's motion to defer the proceedings in accordance with I.C. §§ 9–11–5–2,3.

On the same day of his hearing, Zehr filed a motion to participate in the AAD program. Specifically, Zehr requested "leave of the Court to participate in the [AAD program] pursuant to I.C. 9–11–5–2 and moves the Court defer proceedings pursuant to I.C. 9–11–5–3."[4] Record, p. 85.

---

2. These statutes have been repealed and recodified as I.C. §§ 9–30–9–2,3.

3. Zehr contends that misdemeanor DWI is a lesser included offense of felony DWI. Since we

find that jeopardy did not attach, we need not address the merits of this contention.

4. At the time of Zehr's hearing, section two stated in part:

After Zehr pleaded guilty to DWI, a class A misdemeanor, the trial court stated:

> "Okay Mr. Zehr, your motion to elect treatment in the [AAD program] and to conditionally defer proceedings with waiver of sentencing is granted. The Record will show that you've entered a Plea of Guilty to Operating While Intoxicated with a factual basis, and findings and sentencing are deferred for four years, to February 20, 1995, upon special condition that you successfully complete the [AAD program] pursuant to the order of this Court this date."

Record, p. 200.

■ Instead of accepting Zehr's guilty plea for misdemeanor DWI, the trial court deferred the proceedings on the condition that Zehr complete the AAD program. Since the court did not accept Zehr's guilty plea, jeopardy did not attach. *Keith,* 482 N.E.2d at 755. Accordingly, the trial court did not violate the principles of double jeopardy in later convicting Zehr of felony DWI.

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

RUCKER and BAKER, JJ., concur.

"The circuit court of a county may establish an alcohol abuse deterrent program after the county fiscal body adopts a resolution approving the program. The program must provide for the treatment of individuals who have been convicted of more than (1) violation of IC 9–11–2 with disulfiram or a similar substance that the court determines is an effective chemical deterrent to the use of alcohol."
I.C. § 9–11–5–2. Section three stated in part:
"(a) This section applies to a criminal proceeding in which the use or abuse of alcohol is a contributing factor or a material element of the offense.
(b) The court may take judicial notice of the fact that proper medical treatment is likely to decrease the defendant's tendency to engage in antisocial behavior.
(c) Before conviction, the court, with the consent of the defendant and the prosecuting attorney, may conditionally defer the proceeding described in subsection (a) for up to four (4) years. . . .
(d) The court may order the defendant to satisfactorily complete the program established under section 2 of this chapter if the court makes a determination under subsection (b). The court may impose other appropriate conditions upon the defendant."
I.C. § 9–11–5–3.