**Robert E. HAMER, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0201–CR–2.

Court of Appeals of Indiana.

July 17, 2002.

Christopher A. Cage, Hulse, Lacey, Hardacre, Austin & Shine, P.C., Anderson, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Robert Hamer (Hamer), appeals his conviction for possession of cocaine, a Class D felony, Ind.Code § 35–48–4–6.

We affirm.

### ISSUE [1]

Hamer raises one issue on appeal, which we restate as follows: whether the trial court erred in failing to grant his motion to dismiss based on the State's failure to join offenses that should have been charged in a single prosecution.

### FACTS AND PROCEDURAL HISTORY

On March 15, 1997, Officer Paul Boulware (Boulware) of the Anderson Police Department and Officer Troy Cross (Cross) of the Greenfield Police Department responded to a report of a person or persons smoking narcotics in the restroom of Sonny Ray's bar in Anderson, Indiana.

---

1. Hamer devotes the second part of his reply brief to arguing that he received ineffective assistance of counsel at trial. Because of his failure to raise this issue in his original brief, we will not consider it here. *See Leslie v. State,* 755 N.E.2d 1147, 1148 (Ind.Ct.App. 2001).

Entering the restroom, Boulware observed Hamer placing a small round silver tube to his mouth and holding a cigarette lighter in his hand. The officers noticed a sweet odor that they associated with the burning of crack cocaine. Cross recovered the tube that Hamer dropped into a trash can. The tube was still warm to the touch. Additionally, the officers found a plastic wrapper that contained a small amount of residue, which Boulware believed to be cocaine. The officers collected the tube, the plastic, and several cigarette lighters that Hamer had on his person. Hamer was taken into custody, and the metal tube was forwarded to the Anderson Police Laboratory for analysis.

On March 17, 1997, the State filed an information against Hamer in Anderson City Court, charging him with public intoxication, a Class B misdemeanor, I.C. § 7.1–5–1–3, and reckless possession of paraphernalia, a Class A misdemeanor, I.C. § 35–48–4–8.3(c). On December 19, 1997, Hamer entered into a plea agreement with the State on both of these charges. He pled guilty and was sentenced to twenty (20) days in the Madison County Jail.

Meanwhile, on June 5, 1997, chemist Steve First of the Anderson Police Department tested residue taken from the metal tube, and found that it was cocaine. On October 10, 1997, while the City Court charges were pending, the State filed an information against Hamer, charging him with possession of cocaine, which is the subject of this appeal. The possession charge was filed in the Madison Circuit Court.

On November 8, 2001, a jury trial was held on Hamer's cocaine possession charge. At the close of the evidence, Hamer orally moved for dismissal of the cocaine possession charge based on the State's failure to join this charge with the City Court charges to which Hamer previ-

ously pled guilty. The motion was denied, and on November 21, 2001, Hamer received a sentence of six (6) months imprisonment for his possession of cocaine charge. The sentence was stayed pending the outcome of the present appeal.

Hamer now appeals.

## DISCUSSION AND DECISION

Hamer argues that the trial court erred in denying his motion to dismiss the cocaine possession charge. Specifically, he argues the State was required to join that charge, which was brought in October of 1997, with the City Court charges, which were resolved through Hamer's plea agreement in December of 1997. We disagree.

Hamer relies on I.C. § 35–41–4–4(a), which sets forth the circumstances under which a prosecution is barred by reason of a previous prosecution for a different offense. In relevant part, I.C. § 35–41–4–4(a) reads:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

We first note that Hamer satisfies the first two (2) requirements of the statute: he was previously prosecuted for reckless possession of paraphernalia and public intoxication, and this prosecution resulted in a conviction. This case, as with most challenges to successive prosecutions brought

under I.C. § 35–41–4–4(a) turns on the interpretation of the phrase "should have been charged" in part (a)(3) of the statute. *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind.2002); *Sharp v. State*, 569 N.E.2d 962, 967 (Ind.Ct.App.1991); *trans. denied; State v. Burke*, 443 N.E.2d 859, 861 (Ind. Ct.App.1983). "Should have been charged" must be read in conjunction with the language of the statutes governing joinder of offenses, and dismissal of offenses joinable for trial.

In relevant part, I.C. § 35–34–1–9 provides:

(a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses

. . .

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Also, I.C. § 35–34–1–10 provides:

(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. *The motion to dismiss shall be made prior to the second trial,* and shall be granted if the prosecution is barred by reason of the former prosecution

*Id.* (emphasis added).

Unquestionably, Hamer's possession of cocaine charge arose out of the same conduct as his reckless possession of paraphernalia and public intoxication charges. The State could not bring the cocaine pos-

session charge until the residue found in the metal tube recovered from the trashcan was determined to be cocaine. However, Hamer points out that when the possession of cocaine charge was filed on October 10, 1997, the City Court charges against him were pending. Therefore, he argues, the State should have joined the cocaine possession charge to the City Court charges at that time.

This court has emphasized that I.C. § 35–41–4–4 does not automatically bar successive prosecutions for different offenses based on the same conduct, because Indiana's statutory approach to joinder of offenses is permissive rather than mandatory. *Burke*, 443 N.E.2d at 861. However, we have more recently recognized the purpose of the statutory scheme to "provid[e] a check upon the otherwise unlimited power of the State to pursue successive prosecutions." *State v. Wiggins*, 661 N.E.2d 878, 881 (Ind.Ct.App.1996). As Hamer points out, our supreme court has recently adopted this rationale in determining when a successive prosecution is for an offense with which a defendant "should have been charged" in a prior proceeding. In *Williams*, 762 N.E.2d 1216, Williams was charged with residential entry and possession of cocaine. *Id.* at 1218. While these charges were pending, the State filed another information against Williams based on the same event, charging him with dealing cocaine within 1000 feet of a school, and possessing cocaine within 1000 feet of a school. *Id.* Williams moved to dismiss the latter charges pursuant to I.C. § 35–34–1–10(c),[2] arguing they were barred because they should have been brought in the previous action. *Id.* Reversing the trial court's denial of the

---

**2.** The supreme court does not indicate precisely when Williams moved to dismiss pursuant to I.C. § 35–34–1–10(c). Because the statute clearly indicates that such a motion must be made prior to the second trial, and because the timing of the motion was not disputed or discussed, we assume Williams' motion was timely.

motion to dismiss, the supreme court held that "'our legislature has provided that, where two or more charges are based on the same conduct or on a series of acts constituting a single scheme or plan, they *should* be joined for trial.'" *Id.* at 1219 (quoting *Wiggins,* 661 N.E.2d at 880) (emphasis supplied). In so holding, the supreme court rejected the earlier emphasis upon the permissive nature of the statutory scheme, in favor of the legislative intent to check the power of the State in pursuing successive prosecutions. *Id.*

The facts in the present case are similar to those in *Williams.* The conduct leading to Hamer's cocaine possession charge was precisely the same as that which resulted in the charges of paraphernalia possession and public intoxication. While it was impossible for the State to add the charge of cocaine possession until it learned the results of the analysis of the tube in June 1997, it could have joined the cocaine possession charge to the additional charges, which were still pending at the time the cocaine possession charge was eventually brought in October 1997. Despite the factual similarity, however, Hamer's reliance on *Williams* is misplaced. In *Williams,* the supreme court reiterated this court's approach in reading the words "should have been charged" in conjunction with Indiana's joinder statutes. *Id.* at 1219. As quoted above, our joinder statute provides that a motion to dismiss based on the State's failure to join charges which could have been brought in a single prosecution "shall be made prior to the second trial." I.C. § 35–34–1–10(c).

As the State points out, in this case Hamer moved to dismiss at the close of evidence at his trial. But the statute is clear: such motions must be made **prior to** the start of the second trial. Therefore, regardless of whether Hamer's prosecution for cocaine possession was barred under I.C. § 35–41–4–4(a), Hamer waived the issue when he failed to raise it in a timely fashion.

In his reply brief, Hamer attempts to avoid the mandatory procedural language of I.C. § 35–34–1–10(c) by directing us to Indiana's statute governing motions to dismiss in general. Hamer directs us to the following provision, I.C. § 35–34–1–4:

(a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

. . .

(7) The prosecution is barred by reason of a previous prosecution

. . .

(b) . . . A motion to dismiss based upon a ground specified in subdivision . . .(a)(7). . . of this section may be made or renewed at any time before or during trial. .

■ To substitute I.C. § 35–34–1–4 for the joinder statutes, as Hamer urges, would nullify the effect of I.C. § 35–34–1–10(c), with its explicit requirement that a motion to dismiss a successive prosecution be made prior to the second trial, by allowing such a motion to be made or renewed at any time. "When interpreting statutes, we reconcile them with each other whenever possible." *In re Marriage of Hollingsworth,* 671 N.E.2d 165, 168 (Ind.Ct.App. 1996). While I.C. § 35–34–1–4 is a statute setting forth general guidelines for the grounds upon which motions to dismiss may be made, and the procedures to be followed, I.C. § 35–34–1–10 is much more specific, addressing as it does the direct question at issue here: under what circumstances may a defendant move for dismissal based on the bar against successive prosecutions? As noted, I.C. § 35–34–1–10(c) states clearly that such a motion can

be made **only** prior to the beginning of the second trial. Therefore, the trial court correctly denied Hamer's motion to dismiss the cocaine possession charge.

### CONCLUSION

Based on the foregoing, we conclude that Hamer was properly convicted of possession of cocaine.

Affirmed.

MATTINGLY–MAY, J., and VAIDIK, J., concur.