**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 31, 2006[*]
Decided May 31, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3801

| | |
|---|---|
| BOBBY J. STEWARD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Evansville Division |
| v. | |
| | No. 3:04-cv-074-RLY-WGH |
| JAMES E. FOLZ, | |
| *Defendant-Appellee*. | Richard L. Young, |
| | *Judge.* |

**O R D E R**

Bobby Steward, a convicted sex offender, filed a *pro se* lawsuit under 42 U.S.C. § 1983, challenging the constitutionality of Indiana's Sex Offender Registration Act ("SORA"), *see* Ind. Code §§ 5-2-12-1 et seq., as applied to him when James Folz, the Sheriff of Posey County, Indiana, attempted to compel his registration under the Act.  The district court granted Folz's motion for summary judgment, and Steward appeals.  We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

The facts are undisputed. In January 1992 an Indiana jury convicted Steward of one count of child molesting (a Class C felony). He appealed, and in February 1996 the Indiana Supreme Court reversed his conviction and remanded for a new trial. On August 28, 1997, Steward pleaded guilty to child molesting under Indiana Code § 35-42-4-3(d) (a Class D felony), arising from the same conduct that resulted in the 1992 conviction.[1] In March 2004 the Posey County Sheriff's Office sent Steward a letter requesting that he submit updated personal information for inclusion in Indiana's Sex Offender Registry. SORA mandates that sex offenders residing in Indiana register with the sheriff of the county in which they reside. The Act also provides that an offender such as Steward, who was placed on probation, must be registered for ten years after the date of his placement. Ind. Code § 5-2-12-13(a). Steward objected to the sheriff's request for information but nonetheless complied.

Steward then filed this lawsuit. He requested that the court enjoin Folz from enforcing the registration provisions of SORA against him because, he claimed, enforcement of the statute violates his constitutional rights. Specifically, he alleged that SORA violates the *ex post facto* clause of the Constitution as applied to him because the only "triggering event" was his January 1992 conviction, which occurred prior to SORA's enactment in 1994. He also alleged that he had been subjected to double jeopardy by first receiving notice of his duty to register and then being threatened with prosecution for failing to register when required to do so. And he alleged generally that SORA violates the due process and equal protection clauses of the Fourteenth Amendment. Later Steward filed an "additional 42 U.S.C. § 1983 claim" against Folz for damages, alleging that Folz "acted in retaliation, intimidation, and harassment" by mailing him a certified letter in January 2005 requesting a "6-month verification" of his residence and employment.

The district court granted Folz's motion for summary judgment. At the outset the court observed that Steward was required to register under SORA not for his January 1992 conviction, but for his August 1997 conviction. The court then determined that Steward's constitutional challenges to SORA lacked merit. As relevant here, the court concluded that SORA does not violate the *ex post facto* clause of the Constitution because it is a civil penalty that "is rationally related to the non-punitive government purpose of protecting public safety." The court also rejected Steward's double jeopardy challenge, explaining that jeopardy did not attach because Steward was never prosecuted for failing to register under SORA and, even if he had been, any prosecution would be for his failure to register and not for the conduct leading to his conviction for child molesting. The court also rejected

---

[1]The court entered judgment of conviction as a Class A misdemeanor, *see* Ind. Code § 35-50-2-7(b), and sentenced Steward to one-year probation.

Steward's procedural due process challenge because the criminal proceedings leading up to his 1997 conviction provided all the process necessary to establish the "ultimate fact" of conviction that triggered Steward's duty to report under SORA. Finally, the court determined that Steward failed to establish that Folz committed a constitutional violation by requesting a six-month verification of his residence and employment.

We review the district court's grant of summary judgment *de novo*. *Smith v. Potter*, 445 F.3d 1000, 1006 (7th Cir. 2006). Summary judgment is appropriate when, viewing all facts and inferences in the non-movant's favor, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Id.; Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 812 (7th Cir. 2006). To succeed on a claim under 42 U.S.C. § 1983, Steward was required to show that (1) Folz deprived him of a constitutional right, and (2) Folz acted under color of state law. *See Windle v. City of Marion*, 321 F.3d 658, 661 (7th Cir. 2003).

On appeal, Steward raises five discernable challenges to the district court's decision. First, he contests the district court's determination that he had a duty to register under SORA arising from his August 1997 conviction. He asserts that he has only one conviction—the conviction arising from his 1992 jury trial. But under Indiana law a guilty plea results in a conviction as well. *Bradshaw v. Indiana*, 818 N.E.3d 59, 62 (Ind. Ct. App. 2004); *Indiana v. Boze*, 482 N.E.3d 276, 278 n.3 (Ind. Ct. App. 1985). The district court therefore correctly determined that Steward's duty to register under SORA arose from his 1997 guilty plea for child molesting. *See* Ind. Code § 5-2-12-4(a)(3).

Second, Steward challenges the district court's determination that SORA is non-punitive and therefore does not violate the *ex post facto* clause of the Constitution. He contends that SORA must be punitive because "[t]here is nothing civil about" his being required to register under SORA in addition to serving the criminal sentence imposed upon him for his child molestation conviction. The Supreme Court has held, however, that sex offender registration statutes do not violate the *ex post facto* clause if their aims are not punitive. *Smith v. Doe*, 538 U.S. 84, 97 (2003). The Indiana courts have already determined that SORA's notification provision was intended to be non-punitive, *Spencer v. O'Connor*, 707 N.E.2d 1039, 1044 (Ind. Ct. App. 1999), and Steward has not pointed to any other relevant case law or evidence to the contrary to stave off summary judgment. *See Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004).

Third, Steward challenges the district court's determination that he had not been subjected to double jeopardy. According to Steward, jeopardy attaches "the instant [a] person is notified that he is required to register," and thus his receipt of Folz's March 2004 letter advising him of his duty to register subjected him to the

"possibility" of an unconstitutional second punishment. This contention is without merit. The double jeopardy clause of the Fifth Amendment prohibits "multiple *criminal* punishments for the same offense," *Hudson v. United States*, 522 U.S. 93, 99 (1997) (emphasis in original); *Dye v. Frank*, 355 F.3d 1102, 1103 (7th Cir. 2004), but Steward has not been subjected to a second prosecution. Contrary to his contentions, jeopardy attaches not upon the "possibility" of prosecution but only after prosecution has commenced. *See Crist v. Bretz*, 437 U.S. 28, 37-38 (1978) (explaining that jeopardy attaches in a criminal prosecution when the jury is empaneled and sworn or, in a bench trial, when the first witness is sworn). Further, when a sex offender registry like Indiana's is enacted as a civil, non-punitive notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in violation of the double jeopardy clause. *See Femedeer v. Haun*, 227 F.3d 1244, 1253-54 (10th Cir. 2000).

Fourth, Steward contests the district court's conclusion that he was not entitled to a separate hearing to determine whether he was required to register as a sex offender. He argues that due process requires one hearing to determine his guilt on the substantive offense and another hearing to determine his duty to report under SORA. But the Supreme Court has instructed that when conviction for a listed sex crime triggers registration in a sex offender registry, the procedural protections afforded the defendant prior to conviction are sufficient to establish the defendant's duty to register. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003); *see Doe v. Tandeske*, 361 F.3d 594, 596 (9th Cir. 2004).

Finally, Steward contests the district court's determination that the January 2005 letter requesting a "6-month verification" of his residence and employment "does not violate the terms of the statute." He asserts without further explanation that the district court was required to determine whether a six-month verification was excessive. This argument is frivolous. As the court explained, on its face Indiana Code § 5-2-12-8.5 mandates that the sheriff verify an offender's residence "at least one (1) time per year." Nothing in the language of the statute prohibits the sheriff from verifying a sex offender's whereabouts every six months.

Because Steward failed to establish that Folz's request that he comply with SORA's reporting requirements rose to a constitutional violation, the district court's grant of summary judgment in Folz's favor is AFFIRMED. And Steward's request for attorney's fees is DENIED.