ALTICE, Judge,
concurring in part and concurring in result as to issue I.
[56] With respect to the first issue, I agree with my colleagues that Luke’s conviction for stalking cannot stand because his dual convictions for stalking and invasion of privacy violated the actual evidence test and, thus, constituted a double jeopardy violation. I do not agree, however, with the majority’s reliance on Ind.Code Ann. § 35^1-^ — 3(a)(1). This statute is not applicable because the subsequent prosecution for stalking was not “for commission of the same offense” (i.e., invasion of privacy) for which Luke had already been convicted. I.C. § 35^41^4-3(a).[12] These are different statutory offenses and double jeopardy issues arose here only because the State failed to parse the evidence and carefully establish each with different evidence.
[57] The circumstances presented in this case would more likely fall under I.C. § 35-41^M:, which provides:
(a) A prosecution is barred if all of the following exist:
(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.
(2) The former prosecution resulted in an acquittal or a conviction of the defendant....
(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.
(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.
We have held that this successive prosecution statute acts to bar a subsequent prosecution only when the defendant seeks dismissal prior to commencement of the second trial. See Hamer v. State, 771 N.E.2d 109, 112 (Ind.Ct.App.2002) (regardless of whether the subsequent prosecution was barred under the statute, the defendant waived the issue when he failed to seek dismissal prior to the second trial). Luke did not file a motion to dismiss and, therefore, waived any statutory claim that the subsequent prosecution was barred.
[58] Statutes aside, I think it suffices to say that the subsequent conviction for stalking violated principles of double jeopardy and should be vacated.

. As noted by the majority, this statute is a codification of the prohibition against double jeopardy. See State v. Boze, 482 N.E.2d 276, 278 (Ind.Ct.App.1985). However, as recognized in Boze, "[the statute] does not encompass the entire law concerning double jeopardy”. Id. In my view, the statute addresses only subsequent prosecutions for the same statutory offense or for a greater offense when the defendant has been convicted of a lesser-included offense. I do not agree with the majority that the statute is a broad codification of the actual evidence test.