**Antwan BRADSHAW, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0403–CR–219.

Court of Appeals of Indiana.

Nov. 22, 2004.

Taffanee Woods–O'Neal, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Daniel Jason Kopp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Antwan Bradshaw appeals his conviction for the Unlawful Possession of a Firearm by a Serious Violent Felon,[1] a class B felony, claiming that the State failed to show beyond a reasonable doubt that he had a previous conviction for dealing in cocaine that served as the basis for the enhanced firearm charge. Bradshaw also contends that the evidence was insufficient to establish that he was in possession of the handgun that was seized from an automobile in which he was riding. Rejecting Bradshaw's sufficiency claims, we affirm the judgment of the trial court.

---

1. Ind.Code § 35–47–4–5.

## FACTS

The facts most favorable to the judgment are that during the evening of July 23, 2003, Indianapolis Police Officer Alma Trowe observed a vehicle with a nonworking taillight traveling eastbound on Michigan Street. Officer Trowe stopped the vehicle, and as she walked to the driver's side, she observed four individuals inside. As Officer Trowe began conversing with the driver, she saw Bradshaw, the front-seat passenger, moving around and fidgeting with his waist. At that point, Officer Trowe ordered Bradshaw to place his hands on the dashboard. Bradshaw disobeyed that command, and he continued to fidget and reach under his seat.

Shortly thereafter, other officers arrived at the scene, whereupon Bradshaw and the driver were removed from the vehicle. Officer Jeffrey Luster found a handgun under the front passenger seat. The handle of the pistol was visible to him as he looked over the front edge of the seat, and the barrel was pointed toward the backseat. When Officer Luster announced, "we have a gun," Bradshaw—who was sitting on a nearby curb—stood up and attempted to flee the scene. Tr. p. 21–22, 35–37. Although his attempt to run failed, Bradshaw spit on one of the detectives, and kicked a police officer in the leg.

As a result of this incident, Bradshaw was charged with the handgun offense and a number of other crimes. The basis for the class B felony handgun charge was the allegation that Bradshaw had previously been convicted of dealing in cocaine.

A bench trial commenced on January 14, 2004. At trial, the State presented the testimony of Joseph Johnson, a fingerprint-identification expert, and several exhibits establishing that Bradshaw had been convicted of dealing in cocaine on March 12, 2003. Johnson testified that State's Exhibit 2 was a certified copy of Brad-

shaw's thumbprint, which was stamped following Bradshaw's arrest for the dealing charge. He also testified that another exhibit was a card bearing Bradshaw's thumbprint, which Johnson stamped on the afternoon of the trial. When asked to compare the thumbprints, Johnson testified that they were from the same individual.

State's Exhibit Four was a self-authenticating exhibit consisting of certified copies of six documents that related to Bradshaw's prior dealing in cocaine charge: (1) abstract of judgment; (2) plea agreement; (3) order of probation; (4) charging information; (5) probable cause affidavit; and (6) chronological case summary. Among other things, the exhibit reveals that, on March 12, 2003, Bradshaw entered a guilty plea to dealing in cocaine, a class B felony, and the trial court entered a judgment of conviction on that day. However, Bradshaw was not sentenced for that offense until September 19, 2003. At the conclusion of the trial, Bradshaw was found guilty as charged, and he now appeals.

## DISCUSSION AND DECISION

### I. Previous Conviction— Dealing In Cocaine

Bradshaw first contends that the State failed to prove beyond a reasonable doubt that he had acquired a prior conviction for dealing in cocaine. Specifically, Bradshaw argues that the evidence showed that because he was not sentenced for that offense until September 19, 2003, and he had been charged with the instant offense on July 28, 2003, "he was not a 'Serious Violent Felon' at the time he was charged and convicted of the instant offense." Appellant's Br. p. 5.

First, we note that in reviewing a challenge to the sufficiency of the evidence, this court will affirm a defendant's

conviction if, considering only the probative evidence and reasonable inferences supporting the trial court's judgment, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Rogers v. State*, 741 N.E.2d 395, 396 (Ind.Ct.App. 2000), *trans. denied*. We also note that a conviction is a determination that the defendant is guilty of the crime charged or of a lesser-included offense. *State v. Boze*, 482 N.E.2d 276, 278 n. 3 (Ind.Ct.App.1985), *trans. denied*. Finally, a guilty plea is recognized as a conviction. *Id*.

Turning to the relevant statutes, Indiana Code section 35-47-4-5 provides in part as follows:

(a) "Serious violent felon" means a person who has been convicted of:

(1) committing a serious violent felony, in:

(a) Indiana; or . . .

(b) as used in this section 'serious violent felony' means:

. . .

(23) dealing in or manufacturing cocaine, a narcotic drug, or methamphetamine.

Under Indiana Code section 35-47-4-5(a)(1)(A), a person who has been *convicted* of committing a serious violent felony in Indiana is a "serious violent felon." (Emphasis added). Inasmuch as dealing in cocaine is a serious violent felony, the State was required to prove beyond a reasonable doubt that Bradshaw: (A) had been convicted of Dealing in Cocaine; and (B) thereafter, knowingly or intentionally possessed a firearm. I.C. § 35-47-4-5.

As set forth above, State's exhibit 4 is a self-authenticating document demonstrating, among other things, that Bradshaw entered a plea of guilty to dealing in cocaine on March 12, 2003. Contrary to Bradshaw's assertions, the fact that he was not sentenced for that offense until September 19, 2003,[2] is irrelevant with regard to the instant offense. Had the legislature intended to exclude defendants who have been convicted of—but not sentenced for—committing a serious violent felony, it would have drafted the statute accordingly. That said, inasmuch as Indiana Code section 35-47-4-5 does not define "serious violent felon" as an individual who has been sentenced for committing a serious violent felony, Bradshaw cannot succeed upon this claim.

*II. Possession of Handgun*

■ Bradshaw next argues that the evidence was insufficient to prove that he was in possession of the handgun. Specifically, Bradshaw maintains that the conviction must be set aside because he was a passenger in the vehicle that contained three other people, and there was no showing that he had the intent and capability to maintain dominion and control over the pistol.

■ To convict Bradshaw of the handgun offense, we note that a conviction for possession may rest on proof of actual or constructive possession. *Person v. State*, 764 N.E.2d 743, 750 (Ind.Ct.App. 2002), *trans. denied*. Actual possession occurs when a person has direct physical control over the items. *Walker v. State*, 631 N.E.2d 1, 2 (Ind.Ct.App.1994). On the other hand, we have observed that to prove constructive possession, the State must show that a defendant had both the intent and capability to maintain dominion

---

**2.** Bradshaw was not sentenced until this date because he failed to appear until after being arrested for the instant offense. Tr. p. 72–73.

and control over the contraband. *Id.* Proof of dominion and control may be shown, *inter alia,* by (1) incriminating statements made by a defendant; (2) attempted flight or furtive gestures; (3) proximity of contraband to the defendant; (4) location of the contraband within the defendant's plain view; or (5) the mingling of the contraband with other items owned by the defendant. *Henderson v. State,* 715 N.E.2d 833, 836 (Ind.1999).

 When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband. *Id.* at 835. Such knowledge may be inferred from the exclusive dominion or control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.* at 835–36. Moreover, while an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control. *Taylor v. State,* 482 N.E.2d 259, 261 (Ind.1985).

In this case, the handgun seized from the vehicle was located directly beneath the seat that Bradshaw occupied when the stop occurred. Tr. p. 13–20. Moreover, the handle of the pistol was visible to Officer Luster, it faced the front of the vehicle and the gun was easily accessible to Bradshaw, who had been riding as a front-seat passenger. Tr. p. 33–34, 45–46. Bradshaw engaged in furtive movements by fidgeting around his waist and by reaching under the seat. Tr. p. 13–20. When Officer Luster announced that a gun had been seized from the vehicle, Bradshaw attempted to flee the scene. Tr. p. 21–22, 35–36. In light of this evidence, we conclude that there is probative evidence from which a reasonable fact finder could

conclude that Bradshaw was in possession of the handgun. Thus, we reject Bradshaw's argument that the State failed to meet its burden of proof, and the conviction stands.

The judgment of the trial court is affirmed.

KIRSCH, C.J., and ROBB, concur.