Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GIORGIO E. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1201-CR-51 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1106-FC-177

**August 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Giorgio E. White appeals his conviction for class C felony carrying a handgun without a license, claiming that the State failed to present sufficient evidence that he constructively possessed the handgun that was found in the back seat of the SUV in which he was a passenger. We affirm.

**Facts and Procedural History**

The facts most favorable to the jury's verdict are that at approximately 11:30 p.m. on June 26, 2011, Fort Wayne Police Department Officer Christopher Felton stopped an SUV driven by Tyisha Bell because she had not dimmed her high-beam headlights for oncoming traffic. White was in the SUV's front passenger seat. As Officer Felton approached the SUV, he saw White twist his body, lean back, and place his right hand on the air bag compartment and his left hand "behind the seat, behind the center console." Tr. at 77.[1] Officer Felton asked for Bell's driver's license, and she said that she did not have it. Officer Felton returned to his squad car to verify Bell's driving status, and he determined that she had a suspended driver's license and that the SUV's license plate was "false and fictitious." *Id*. at 78. Officer Felton decided to have the SUV towed and asked other officers who had arrived on the scene to help him remove Bell and White from the SUV.

Officer Gary Hensler opened the front passenger door and asked White to exit the SUV. As Officer Hensler walked toward the rear of the SUV, he saw a loaded firearm

---

[1] White's counsel has included portions of the trial transcript in the appellant's appendix in violation of Indiana Appellate Rule 50(F), which says, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

magazine in the back seat. He alerted the other officers to the possible presence of a firearm, handcuffed White, and led him back to his squad car. Officer Hensler Mirandized White, who said that "he could not be caught on the streets, people are looking to kill him." *Id.* at 99. In addition to the loaded magazine, the officers found a loaded handgun "in the backseat on the floorboard, pretty much right behind [the] center console in the middle within reach of both the passenger and the driver." *Id.* at 79. The handgun was positioned so that "the slide was down, the magazine was up, [and] the barrel was facing right towards the driver[']s side." *Id.*

The State charged White with class C felony carrying a handgun without a license, and a jury found him guilty as charged. White now appeals.

**Discussion and Decision**

White challenges the sufficiency of the evidence supporting his conviction. In reviewing such challenges, we neither reweigh the evidence nor judge the credibility of the witnesses. *Broude v. State*, 956 N.E.2d 130, 135 (Ind. Ct. App. 2011), *trans. denied* (2012). Instead, we consider only the evidence favorable to the verdict and all reasonable inferences therefrom. *Id.* "We will affirm the conviction unless no rational fact-finder could have found the defendant guilty beyond a reasonable doubt." *Id.* (citation and quotation marks omitted).

To convict White of class C felony carrying a handgun without a license, the State had to prove beyond a reasonable doubt that he carried a handgun in a vehicle or on or about his person without a license and that he had a prior qualifying felony conviction. Ind. Code §§

35-47-2-1, -23.  A conviction for handgun possession may rest on proof of either actual or constructive possession.  *Bradshaw v. State*, 818 N.E.2d 59, 62 (Ind. Ct. App. 2004).  Actual possession occurs when a person has direct physical control over an item.  *Id*.  "[T]o prove constructive possession, the State must show that a defendant had both the intent and capability to maintain dominion and control over the contraband."  *Id*. at 62-63 (citation omitted).

> When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband.  Such knowledge may be inferred from the exclusive dominion or control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.

*Id*. at 63 (citation omitted).  Those additional circumstances may include "(1) incriminating statements made by a defendant; (2) attempted flight or furtive gestures; (3) proximity of contraband to the defendant; (4) location of the contraband within the defendant's plain view; or (5) the mingling of the contraband with other items owned by the defendant."  *Id*.

Here, White contends that the State failed to prove beyond a reasonable doubt that he constructively possessed the handgun found in the back seat of Bell's SUV, over which he did not have exclusive dominion or control.  White points to Bell's testimony that three other persons had been in the SUV before she picked him up and that he had been in the SUV for only six or seven minutes before it was stopped by Officer Felton.  White's argument is merely an invitation to reweigh evidence and judge witness credibility, which we may not do.  After Officer Felton stopped Bell's SUV, he saw White twist his body and place his left hand near the area where the loaded magazine and handgun were found.  After those items were

4

discovered, White remarked that "he could not be caught on the streets, people are looking to kill him." Tr. at 99. This evidence was more than sufficient for a rational jury to find beyond a reasonable doubt that White constructively possessed the handgun. Therefore, we affirm his conviction.

Affirmed.

RILEY, J., and BAILEY, J., concur.