## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

T. Andrew Perkins
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clifford J. Reffitt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2018

Court of Appeals Case No.
18A-CR-532

Appeal from the Fulton Superior Court

The Honorable Wayne E. Steele, Judge

Trial Court Cause No.
25D01-1711-CM-517

**Bradford, Judge.**

# Case Summary

On November 20, 2017, the State charged Clifford J. Reffitt with Class A misdemeanor carrying a handgun without a license. The case proceeded to a jury trial on January 25, 2018, and the jury found Reffitt guilty as charged. On February 15, 2018, the trial court sentenced Reffitt to 365 days executed. Reffitt raises the following restated issues: whether the State failed to present sufficient evidence that he possessed a handgun without a license and whether the trial court abused its discretion when it considered his criminal history and the volume of alcohol-related offenses during sentencing. Because the State presented sufficient evidence to prove that Reffitt carried a handgun without a license and the trial court did not abuse its discretion during sentencing, we affirm.

# Facts and Procedural History

On November 16, 2017, Rochester Police Department dispatcher Kristine Lease received a call that Reffitt was intoxicated, had threated to hurt a family member, and was walking down an alley near Beacon Bank. Police Chief Andrew Shotts responded to the dispatch. Chief Shotts drove to Beacon Bank, and when he could not find Reffitt, began driving around town to locate him. Knowing that Reffitt had a connection to the Four Seasons trailer court, Chief Shotts decided to see if Reffitt was there.

[3] Chief Shotts was driving down the center drive when he saw Reffitt walk out from between two lots. Chief Shotts exited his vehicle and called out to Reffitt. He observed that Reffitt had a grocery bag in his left hand and his right hand was tucked into his jacket. Reffitt began to jog away from Chief Shotts, keeping his hand in his right jacket pocket as he ran. Reffitt ran around the corner of one of the trailers and out of sight. Chief Shotts then observed Reffitt kneel down next to one of the trailers, stand up, and start jogging away from the area where he had knelt down. Chief Shotts ran past the area where Ruffitt had bent over and observed a handgun in the bottom skirting of the trailer.

[4] Shortly thereafter, Chief Shotts caught Reffitt and took him into custody. After he transferred Reffitt to another officer, Chief Shotts went and retrieved the handgun, which was still warm to the touch despite the fact that it was forty-one degrees outside. Reffitt has never had a license to carry a firearm in the State of Indiana. The owner of the trailer testified that neither she nor her husband owned any firearms.

[5] On November 20, 2017, the State charged Reffitt with Class A misdemeanor carrying a handgun without a license. The case proceeded to a jury trial on January 25, 2018, and the jury found Reffitt guilty as charged. During the sentencing hearing on February 15, 2018, the trial court received a memorandum from the probation department detailing Reffitt's criminal history. The memorandum indicated that Reffitt was first convicted of public intoxication when he was seventeen years old and was subsequently convicted of public intoxication in 1981, twice in 1990, 1993, 1995, 2001, 2002, 2007,

2011, 2012, and 2014, and operating while intoxicated in 1985, 1991, 1994, 1995, 1998, 2003, and 2007. In total, Reffitt has nineteen convictions and six additional arrests for alcohol-related offenses. Reffitt has also failed to successfully complete probation seven times for his various offenses. Reffitt did not make any additions or corrections to the memorandum.

[6] Based on his criminal history and the number of alcohol-related offenses, the trial court found that Reffitt was not an appropriate candidate for work release. Specifically, the trial court observed that, "When you're not in jail, you're drinking." Tr. Vol. II. p. 170. After the sentencing hearing, the trial court sentenced Reffitt to 365 days executed.

# Discussion and Decision

## I. Sufficiency of the Evidence

[7] Reffitt argues that the evidence is insufficient to support his conviction for possession of a handgun without a license. Specifically, he asserts that the State failed to prove that he constructively possessed the handgun that was recovered from the skirting of the trailer. We do not reweigh the evidence or assess the credibility of the witnesses when we are reviewing sufficiency-of-the-evidence claims. *Cox v. State*, 774 N.E.2d 1025, 1028–29 (Ind. Ct. App. 2002). We consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn therefrom. *Alspach v. State*, 755 N.E.2d 209, 210 (Ind. Ct. App. 2001), *trans. denied*. The conviction will be

affirmed if there is substantial evidence of probative value to support the conclusion of the trier-of-fact. *Cox*, 774 N.E.2d at 1028–29.

[8] In order to convict Reffitt of carrying a handgun without a license, the State was required to prove that on or about November 16, 2017, Reffitt did knowingly or intentionally carry a handgun in or upon his person without a license in his possession. *See* Ind. Code § 35-47-2-1. A conviction for possession may rest upon proof of actual or constructive possession. *Bradshaw v. State*, 818 N.E.2d 59, 63 (Ind. Ct. App. 2004). Actual possession occurs when a person has direct physical control over the items. *Griffin v. State*, 945 N.E.2d. 781, 784 (Ind. Ct. App. 2011). On the other hand, we have observed that to prove constructive possession, the State must show that a person had both the intent and capability to maintain dominion and control over the contraband. *Id*.

> Proof of dominion and control may be shown, *inter alia,* by (1) incriminating statements made by a defendant; (2) attempted flight or furtive gestures; (3) proximity of contraband to the defendant; (4) location of the contraband within the defendant's plain view; or (5) the mingling of the contraband with other items owned by the defendant.

*Bradshaw*, 818 N.E.2d at 63.

[9] When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband. Such knowledge may be inferred from the exclusive dominion or control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances

> pointing to the defendant's knowledge of the presence of the contraband. Moreover, while an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control.

*Id*.

[10] Reffitt argues that the State was required to prove direct evidence of possession. However, the State was allowed to use circumstantial evidence to prove Reffitt unlawfully possessed a handgun without a license. "Constructive possession may be inferred even when the defendant's control is not exclusive and circumstantial evidence points to the defendant's knowledge of the presence of a weapon." *Ferrell v. State*, 656 N.E.2d 839, 842 (Ind. Ct. App 1995).

[11] In this case, when Chief Shotts first saw Reffitt, Reffitt had his right hand in his coat pocket. Reffitt ignored Chief Shotts and began to jog away from him, keeping his right hand in his pocket as he ran. Chief Shotts then saw Reffitt bend down next to one of the trailers, stand up, and jog away from the trailer. When Chief Shotts arrived at the trailer, he observed a handgun in the bottom skirting of the trailer. The gun was warm to the touch when Chief Shotts discovered it despite the fact that it was only forty-one degrees that day and no one else was around the trailer. When asked, the owner of the trailer stated that neither she nor her husband owned a handgun. In light of this evidence, we conclude that there is sufficient probative evidence from which a reasonable factfinder could conclude that Reffitt was in possession of the handgun. Thus, we reject Reffitt's argument that the State failed to meet its burden of proof.

## II. Sentencing

Reffitt also argues that the trial court improperly considered his alcoholism during sentencing.[1]  Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007).  "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.*  We do not reweigh the evidence and consider conflicting evidence in the light most favorable to the trial court's ruling when reviewing such claims.  *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009).  However, we will not find that a trial court abused its discretion in failing to properly weigh the aggravating and mitigating circumstances.  *Anglemyer*, 868 N.E.2d at 491.

Reffitt is essentially arguing that the trial court abused its discretion when it considered and gave weight to his drinking.  Reffitt points to the trial court's statement that "When you're not in jail, you're drinking."  Tr. Vol. II p. 170.  This statement is not evidence of bias; rather, it is an accurate assessment of Reffitt's history.  Reffitt has nineteen prior alcohol-related convictions and six

---

[1] While Reffitt says the trial court's comments about Reffitt's drinking demonstrated bias, the heart of the issue appears to be whether the trial court abused its discretion in weighing the mitigating and aggravating circumstances during sentencing.

additional arrests for alcohol-related offenses. *See id* at 492 (trial courts are allowed to consider a defendant's criminal history during sentencing). The trial court also gave weight to the fact that Reffitt was intoxicated at the time of the offense and the danger he created when he hid a handgun in an area where children might find it. *See Gleason v. State*, 956 N.E.2d 702, 711 (Ind. Ct. App. 2012) ("[T]he nature and circumstances of the crime can be an aggravator."). The trial court did not abuse its discretion in considering Reffitt's history of alcohol abuse.

[14] The judgment of the trial court is affirmed.

Brown, J., and Altice, J., concur.